232 So.2d 414 (1970)
Roy Vernon ZICCA, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-654.
District Court of Appeal of Florida, Third District.
March 3, 1970.
Rehearing Denied March 30, 1970.
*415 Hughlan Long, Public Defender, and Robert E. Metzker, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
SWANN, Judge.
The defendant below appeals from his adjudication of guilt on the charge of unlawful possession of marijuana.
He argues that the trial court should have granted his motion to suppress the evidence since there was no valid reason for a search of the vehicle which he was driving at that time. He relies on Riddlehoover v. State, Fla.App. 1967, 198 So.2d 651.
In Riddlehoover, it was apparent that the officers had stopped the defendant in order to search him, or his vehicle, under the pretext of a minor traffic violation. Those facts have not been established in this case. We find that there was a lawful arrest and that the motion to suppress the evidence was properly denied. See Knight v. State, Fla.App. 1968, 212 So.2d 900; Gagnon v. State, Fla.App. 1968, 212 So.2d 337; and Miller v. State, Fla. App. 1962, 137 So.2d 21.
The defendant contends that the State failed to prove the essential fact that he was in possession of this marijuana. He was driving a Volkswagen bus which he owned with his wife. She was not present in the vehicle when it was stopped and the arrest was made. There were present in the vehicle three other persons but they were allowed to leave and were not arrested.
The marijuana was found on a shelf behind the passenger side of the vehicle. It was an open, homemade shelf and the marijuana was sitting on this shelf in plain and open view.
The defendant did not testify but the police officer was permitted to testify that the defendant had told him that he did not know the drugs were there.
Under these limited facts, the defendant claims that the conviction should be reversed on the authority of Markman v. State, Fla.App. 1968, 210 So.2d 486. It was within the province of the trier of fact to determine that this defendant had exclusive possession and control of the automobile which he owned with his wife as an estate by the entirety and which he was operating at the time he was stopped and arrested. The trier of fact could determine that the defendant must have had knowledge of marijuana sitting in open view on a homemade shelf in his automobile in a plastic container, which was also described as a cellophane bag. See Frank v. State, Fla.App. 1967, 199 So.2d 117; Spataro v. State, Fla.App. 1965, 179 So.2d 873.
The judgment of conviction herein appealed is, therefore,
Affirmed.
*416 PEARSON, Chief Judge (dissenting).
The essential issue is whether the circumstance that a package of marijuana was in a vehicle containing three passengers and the defendant driver established that the defendant was guilty of unlawful possession of marijuana. I would hold that it did not because it does not exclude the reasonable hypothesis that one of the three passengers left the package in the vehicle when the police stopped the vehicle and permitted the passengers to leave. See Mayo v. State, Fla. 1954, 71 So.2d 899, 904.