Shelby Dale RAVELLETTE *v.* STATE of Arkansas

CR 78-113                                      571 S.W. 2d 433

Opinion delivered October 9, 1978
(Division I)

*Winfred A. Trafford,* of *Holmes, Holmes & Trafford,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Ray E. Hartenstein,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant and a codefendant were jointly charged with possession of marijuana with intent to deliver. The jury found them guilty and assessed their punishment at three years in the Department of Correction and a $5,000 fine. Upon the jury's recommendation, the trial judge suspended the sentence of imprisonment. Appellant contends for reversal that the trial court erred in refusing his motion for a directed verdict. We agree.

Appellant and his codefendant jointly occupied a multi-room rent house. The police had had this house under surveillance for approximately an hour when they saw appellant's codefendant arrive home from work about 6:40 a.m. In a few minutes the appellant left the house in his automobile on his way to his employment. The police followed and stopped him a few blocks away. A search of appellant and his car revealed nothing to link him with the alleged charge. The officers returned with appellant to the house and

searched it pursuant to a search warrant issued two days previously. The codefendant was found sitting in the living room smoking a hand-rolled cigarette. Other relevant evidence resulting from the search was the discovery of a quantity of marijuana. Some was found in the dining room and in the living room, which, it appears, were subject to the common use of both occupants. Also some was found in the dining room closet. Some of the marijuana was contained in paper sacks, plastic and Ziploc bags. Marijuana, some packaged in a plastic bag, and other paraphernalia were discovered in the bedroom and closet of appellant's codefendant. No marijuana or any paraphernalia was found in appellant's bedroom. However a box of sandwich bags and Ziploc storage bags were found in his bedroom. Appellant denied any complicity or knowledge of the presence of the marijuana. His codefendant explained that a friend of his had left marijuana in the house that night in appellant's absence. The codefendant admitted that the items found in his bedroom and in the living room were his. He exonerated the appellant of any knowledge of the presence or control of the contraband.

When only circumstantial evidence is presented, as here, there must be some factor in addition to the joint control of the premises to link the accused with the controlled substance. *Cary v. State*, 259 Ark. 510, 534 S.W. 2d 230 (1976). See also *Evans v. United States*, 257 F. 2d 121 (C.A. 9 Cal. 1958). In other words it cannot be inferred that one in nonexclusive possession of premises knew of the presence of drugs and had joint control of them unless there were other factors from which the jury can reasonably infer the accused had *joint possession and control.*

Here the state argues that since marijuana was found in a common dining room and closet and the living room, some packaged in plastic bags, and the finding of a package of Ziploc storage bags and a package of Gladbags in appellant's room "similar to those in which some of the marijuana was packaged," were sufficient factors linking him to the possession of marijuana with the intent to sell. However, the evidence is uncontroverted that when appellant was arrested upon leaving the house to go to his place of employment about 7 a.m., nothing was found on or about him that would

indicate any use of the contraband. There was no evidence of suspicious behavior, any previous sale of the drug nor any incriminating statement to indicate appellant was a user or had knowledge of its presence.

No one should be deprived of his liberty or property on mere suspicion or conjecture. Where inferences are relied upon, they should point to guilt so clearly that any other conclusion would be inconsistent. This is so regardless of how suspicious the circumstances are. Considering the state's evidence most favorable, we hold that the jury's verdict is based upon speculation and conjecture.

Reversed and dismissed.

We agree: GEORGE ROSE SMITH, FOGLEMAN and HOWARD, JJ.