Charles Rudolph PACE *v.* STATE of Arkansas

CR 79-125                                    592 S.W. 2d 21

Opinion delivered January 28, 1980
(In Banc)

*Mickey Buchanan,* for appellant.

*Steve Clark,* by: *Dennis R. Molock,* Asst. Atty. Gen.,
for appellee.

F<small>RANK</small> H<small>OLT</small>, Justice. Following a jury trial, appellant

was found guilty of possession of heroin with intent to deliver in violation of Ark. Stat. Ann. §§ 82-2604, 82-2605, and 82-2617 (a) (1) (i) (Repl. 1977) and was sentenced to thirty years imprisonment. We agree with his contention that the conviction must be reversed inasmuch as the testimony of his admitted accomplice, the only witness who testified as to his commission of the crime, was insufficiently corroborated.

Ark. Stat. Ann. § 43-2116 (Repl. 1977) provides that a felony conviction cannot be had "upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof." The corroborating evidence need not be sufficient in and of itself to sustain a conviction and, if substantial, may be slight and not altogether satisfactory and convincing; however, it must do more than raise a suspicion of guilt. *Olles* v. *State,* 260 Ark. 571, 542 S.W. 2d 755 (1976). Circumstantial evidence may be sufficient if the evidence is unequivocal and certain in character, of a material nature, and tends to connect the defendant with the crime. *Roath* v. *State,* 185 Ark. 1039, 50 S.W. 2d 985 (1932). Evidence relied on to corroborate an accomplice must, independently and without the aid of the accomplice's testimony, establish the commission of the offense and the connection of the accused therewith. *Olles* v. *State,* supra; *Ford* v. *State,* 205 Ark. 706, 170 S.W. 2d 671 (1943); and *Froman and Sanders* v. *State,* 232 Ark. 697, 339 S.W. 2d 601 (1960). As indicated, it is not sufficient if it merely shows that the offense was committed and the circumstances of the offense. § 43-2116, supra.

The facts surrounding the search which resulted in the filing of charges against the appellant are not in dispute. The local sheriff received a tip from officers observing a house owned by appellant's accomplice that a quantity of heroin had been brought to the house from Dallas. There was evidence, aside from the testimony of the accomplice, that appellant would be bringing drugs into the Texarkana area the morning of the raid. A search warrant was procured, and, following a search of the accomplice's residence, three sepa-

rate quantities were seized. Criminal charges were filed against four of six individuals, including the appellant. No heroin was found on the appellant's person, in the room where he was found, nor in his automobile. It appears appellant and three or four others arrived in two separate cars about two or three hours before the raid. There was evidence that appellant associated with known drug dealers and users in the area; and on one occasion (in the local area) a month before the raid, and on another occasion (in Dallas) two months before the raid, he was observed participating in a drug transaction.

Appellant's admitted accomplice, an inmate at Cummins Prison who had been convicted of possession of heroin with intent to deliver arising out of a sale at his home, testified that he had sold heroin on a percentage basis for appellant; appellant, accompanied by a woman companion, had brought the heroin from Dallas that morning; appellant and his companion had rested for two or three hours in a room of the house (where the largest quantity of heroin was found); he had observed the woman companion remove heroin from her bra and give it to appellant who then gave some to him; he had observed appellant sell heroin to two individuals the morning of the raid; and, further, there was no heroin anywhere in his house prior to appellant's arrival. Upon reviewing all the evidence in the light most favorable to the appellee, we hold that the evidence is insufficient when the recited testimony of the accomplice is eliminated to establish the commission of the offense and the connection of the accused therewith.

As we stated in *Ravellette* v. *State,* 264 Ark. 344, 571 S.W. 2d 433 (1978):

No one should be deprived of his liberty or property on mere suspicion or conjecture. Where inferences are relied on, they should point to guilt so clearly that any other conclusion would be inconsistent. This is so regardless of how suspicious the circumstances are.

We need not consider the other grounds urged for rever-

sal inasmuch as the evidence is insufficient to sustain a conviction.

Reversed and dismissed.