STATE OF NEBRASKA, v. RANDALL WOODRUFF, APPELLANT.

288 N. W. 2d 754

Filed February 26, 1980. No. 42829.

Jacobsen, Orr & Nelson, for appellant.

Paul L. Douglas, Attorney General, and Lynne Rae Fritz, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant, after trial, was found guilty by the court of possession of a controlled substance, and sentenced to imprisonment for not less than 1 nor more than 3 years.

In the early morning hours of October 11, 1978, the defendant took possession of a brown Volkswagen station wagon which he had purchased from Gary Jensen. The defendant assisted Jensen in cleaning out the vehicle and removing Jensen's belongings. Jensen testified that, to the best of his knowledge, none of his possessions were left in the vehicle. Title to the vehicle was not delivered to defendant pending the payment of a small balance due on the purchase price.

On October 12, 1978, at around 4:40 p.m., two Kearney police officers went to a residence in Kearney, Nebraska, to arrest the defendant on a felony arrest warrant. The brown Volkswagen station wagon was parked in the driveway. The officers were informed by a woman at the residence that the defendant was not there. The officers drove around the corner and one of the officers kept the residence under observation. Shortly thereafter the woman and the defendant ran from the house and got into the station wagon. The woman got into the driver's seat. The defendant got into the back seat and lay down out of sight with his head toward the driver's side of the automobile. They drove away. The officers pursued and stopped the vehicle. Both the defendant and the woman were arrested. The officers briefly looked into the vehicle, but did not search it at the time. The vehicle was towed to the police garage by a tow truck and secured there.

Approximately an hour later an inventory search of the vehicle was made. A small black wooden box, approximately $2 \times 2 \times 5$ inches was found partially under the driver's seat and partially on the floor behind the driver's seat. The box contained a powder which was subsequently determined to be methamphetamines. The defendant's jacket was lying across the rear of the back seat and a syringe needle was found in the pocket of the jacket. Several other items were also found during the inventory

search. Under the front seat a black vinyl case was found which contained, among other items, an envelope addressed to the defendant containing a bail bond receipt. A note including a list of dates and amounts, signed by "Randy," was also found. The defendant testified that he had moved the envelope from his previous vehicle and placed it in the Volkswagen. He denied any knowledge about the black box, the syringe needle, or the note and list.

The District Court found the defendant guilty and sentenced him to imprisonment for not less than 1 nor more than 3 years.

The defendant contends that the evidence that the black box and its contents were in his possession was circumstantial and was insufficient to sustain the verdict because it did not exclude all other reasonable conclusions.

The evidence establishes that the defendant was the owner of the automobile and had been in possession and control of it for approximately 2 days. There was no evidence that anyone else had had possession and control of it after the purchase. At the time of the arrest there were only two persons in the car and the defendant was the only one in the back seat and in immediate proximity to the contraband. Constructive possession may be proved by direct or circumstantial evidence, and may be shown by the accused's proximity to the substance at the time of the arrest or by a showing of ownership, dominion, and right of control over an automobile in which the contraband was found. State v. Foster, 196 Neb. 332, 242 N. W. 2d 876; State v. Klutts, 204 Neb. 616, 284 N. W. 2d 415. Such evidence is generally deemed sufficient to sustain a conviction in the absence of any other reasonable explanation.

In the case now before us the trial court, acting as the fact finder, considered the evidence in the record and found the defendant guilty beyond a reasonable doubt. It is not the province of this court to resolve

conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. State v. Fowler, 201 Neb. 647, 271 N. W. 2d 341. Although circumstantial, the evidence in the present case was sufficient to support the verdict.

Section 28-4,125 (3), R. R. S. 1943, under which the defendant was convicted, provides for a sentence of not less than 1 year nor more than 2 years. The defendant was sentenced to not less than 1 year nor more than 3 years imprisonment. A sentence to imprisonment which exceeds the maximum statutory period is merely erroneous and not void. Von Bokelman v. Sigler, 175 Neb. 305, 121 N. W. 2d 572.

In view of the provisions of the indeterminate sentencing statutes, and the fact that in this case the minimum term of imprisonment is more than one-third of the maximum term of imprisonment allowed by statute, and that an indeterminate sentence was imposed by the court originally, we deem it appropriate to remand the cause to the District Court for resentencing.

The conviction of the defendant is affirmed. The sentence is vacated and the cause remanded to the District Court for resentencing.

CONVICTION AFFIRMED. CAUSE
REMANDED FOR RESENTENCING.

KRIVOSHA, C. J., and WHITE, J., concur in result.