**Kenneth William ALBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–82–317CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 24, 1983.

Rehearing Denied April 20, 1983.

**42**

Allen Isbell, Houston, for appellant.

J. Sidney Crowley, Casey O'Brien, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

Appellant appeals his convictions for possession of less than 200 grams of methaqualone and for carrying an illegal knife. The causes were consolidated. Trial was to the court. Punishment was assessed in each case at confinement in the Harris County Jail for three days with credit for two and a fine of $250.00. We affirm the judgment of the trial court.

On December 7, 1981, Edward Harold, a Harris County Deputy Constable, was told by a Klein Forest school security guard that several juveniles had reported seeing a black male in a tan vehicle selling drugs from the parking lot of the Stop-n-Go convenience store across the street from the

Klein Forest Schools. The school security guard told Harold that the car had been parked in the Stop-n-Go parking lot from 6:00 to 9:00 a.m. for several days.

On December 8, at approximately 7:15 a.m. Constable Harold observed fifteen or sixteen juveniles from elementary to high school age congregated around an automobile in the Stop-n-Go parking lot. Harold pulled into the parking lot and the juveniles "immediately dispursed." Harold then noticed three or four people sitting in a two door tan automobile. Appellant, a white male, was sitting in the driver's seat. Harold testified that another juvenile may have been sitting in the front passenger's seat next to appellant. Two other juveniles were sitting in the back seat.

Harold parked his car about fifteen feet from appellant's vehicle. As Harold got out of his car the doors of appellant's vehicle "were flung open" and the juveniles quickly began exiting the vehicle. Just before the juveniles left, Harold saw appellant lean forward and reach underneath the driver's seat. One of the juveniles in the back seat leaned forward and moved as if to shove something underneath the driver's seat from behind. Harold testified that once outside the vehicle, appellant and the other juveniles attempted to walk away. Appellant testified that he began walking toward Constable Harold to see what was wrong. Harold told the appellant and a second juvenile to remain where they were. The third juvenile disappeared into the crowd of youngsters and remains unidentified. Harold then searched the automobile. Underneath appellant's seat Harold found a marijuana bong and a tray of a useable quantity of marijuana. A "martial arts throwing star," or shuriken, was partially protruding from underneath the floor mat in front of appellant's seat. Underneath the front seat on the passenger's side Harold found "58 mandrax tablets in assorted wrappers." Harold placed appellant and the other juvenile under arrest. The automobile was registered in appellant's family's name. Prior to trial appellant filed a motion to suppress the evidence and a hearing was had thereon. The motion to suppress was overruled.

Appellant brings five grounds of error. Three grounds are brought concerning the "martial arts throwing star." Two grounds are brought concerning the methaqualone. The first and third grounds regarding the "martial arts throwing star" are identical to both grounds regarding the methaqualone and will be discussed as appellant's first and third grounds of error.

In his second ground, appellant contends the State failed to prove that the object found under the floor mat is an illegal knife because there is no evidence that it was designed to cut or stab another by being thrown. We disagree. At the trial the State offered the record of the motion to suppress hearing as evidence. It was admitted without objection. Constable Harold testified at the hearing that the object he found underneath the floor mat was a "martial arts throwing star." He described it as having seven or eight points, like a saw blade, and very sharp. He further stated that "if thrown with any accuracy it's going to strike wherever it's thrown." In Texas an illegal knife includes "a hand instrument designed to cut or stab another by being thrown." TEX.PENAL CODE ANN. § 46.01(6)(B) (Vernon 1975). No objection was made to Harold's testimony or his qualifications when the State introduced such evidence at trial. Absent an objection, such testimony is sufficient to bring the device within the language of the statute. Appellant's second ground of error is, therefore, overruled.

In his first grounds of error appellant contends the court erred in not suppressing the evidence seized from the automobile because Officer Harold did not have sufficient facts to justify the initial stop or the warrantless search. We find no merit to this contention.

An investigative stop is justified if the officer, in light of his experience and general knowledge, can point to specific and articulable facts which, together with rational inferences from those facts, warrant the intrusion on the person stopped for investigation. Reasonable cause for an inves-

tigative stop can be based on information supplied by third persons, *Brem v. State,* 571 S.W.2d 314 (Tex.Cr.App.1978), a police radio call or an anonymous telephone call. *Ferguson v. State,* 573 S.W.2d 516 (Tex.Cr. App.1978).

■ A warrantless arrest or search is justified if the State can show the existence of probable cause at the time the arrest or search is made, as well as circumstances which made the procurring of a warrant impracticable. *Brown v. State,* 481 S.W.2d 106, 109 (Tex.Cr.App.1972); *Nastu v. State,* 589 S.W.2d 434, 439 (Tex.Cr.App.1979). Probable cause for a search exists where the facts and circumstances within the knowledge of the officer on the scene and of which he has reasonably trustworthy information would lead a man of reasonable caution to believe that he will find evidence pertaining to a crime. *Smith v. State,* 542 S.W.2d 420 (Tex.Cr.App.1977); *Britton v. State,* 578 S.W.2d 685, 689 (Tex.Cr.App. 1978).

■ Officer Harold received information from a school security guard that: 1) drugs were being sold 2) to school children 3) by a black male 4) out of a tan vehicle 5) between the hours of 6:00 and 9:00 a.m. 6) from the parking lot of the Stop-n-Go convenience store across from the Klein Forest schools.

■ Harold observed: 1) a large crowd of youngsters 2) congregated around one vehicle 3) which matched the description he was given 4) in the Stop-n-Go parking lot across from the Klein Forest schools 5) between the hours of 6:00 and 9:00 a.m. When Harold pulled into the Stop-n-Go parking lot 6) the crowd immediately dispursed and Harold observed appellant and the other occupants of the car 7) fling open the car doors, 8) make furtive movements as if they were hiding something beneath the car seat, 9) exit the car quickly, and 10) attempt to walk away. Appellant contends the information received by Harold was inadequate to create probable cause for an unauthorized search and, therefore, the evidence should have been suppressed. How- ever, information, inadequate to constitute probable cause by itself, can become sufficient if corroborated by independent observation of the arresting officer providing the information is detailed enough and adequately corroborated by observation. *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1958); *Nastu v. State, supra* at 438.

We find the information received by Harold together with his observations sufficient to establish probable cause for the initial stop and the warrantless search of the vehicle. Additionally, the circumstances were sufficient to justify a warrantless search. Once Constable Harold was seen in the parking lot the likelihood that the vehicle would be moved and the evidence destroyed was immense. Under such circumstances there was no time to obtain a search warrant. Appellant's first grounds of error are overruled.

■ In his third grounds of error appellant contends the evidence was insufficient to prove appellant knowingly and intentionally possessed the knife or the methaqualone. We disagree. The evidence must affirmatively link the accused to the contraband such that a reasonable inference can be drawn that the accused knew of the contraband's existence and whereabouts. *Hernandez v. State,* 538 S.W.2d 127 (Tex. Cr.App.1976). Where the accused is not in exclusive possession of the premises where the contraband is found, this affirmative link can be established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband. *DeShong v. State,* 625 S.W.2d 327, 329 (Tex.Cr.App.1981); *Hughes v. State,* 612 S.W.2d 581 (Tex.Cr.App.1981). Such facts can include the contraband's being 1) in plain view, 2) found in an enclosed place, 3) conveniently accessible to the accused, and 4) found on the same side of the car seat as the accused was sitting. Other facts can include the accused being 5) the owner of the place where the contraband was found or 6) the driver of the automobile in which the contraband was found. *DeShong v. State, supra,* and cases cited

therein. In this case the knife was found 1) in plain view of the arresting officer 2) in an enclosed place, 3) conveniently accessable to the accused. 4) The automobile in which the knife was found was registered in the accused's family's name. 5) The accused was the driver of the automobile in which the knife was found, and 6) the knife was found on the same side of the car seat as the accused was sitting. Additionally, the methaqualone was found 1) in an enclosed place, 2) conveniently accessable to the accused, 3) in a car which was registered in the accused's family's name, and 4) the accused was the driver of the automobile in which the methaqualone was found.

It can be reasonably inferred from the above facts and circumstances that appellant had knowledge and control of both the knife and the methaqualone. Appellant's third grounds of error are, therefore, overruled.

The judgment of the trial court is affirmed.