Daniel REDMON *v.* STATE of Arkansas

CR 83-154                                          668 S.W.2d 541

Supreme Court of Arkansas
Opinion delivered May 7, 1984
[Rehearing denied June 11, 1984.*]

*ADKISSON, C.J., would grant rehearing.

*Wayne A. Gruber* and *Jim F. Akins,* for appellant.

*Steve Clark,* Atty..Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was tried in the Fourth Division of the Pulaski County Circuit Court and convicted of capital murder and sentenced to life without parole. For reversal he argues: 1) that there was no evidence to corroborate the testimony of two accomplice; and 2) that the total evidence was insufficient to support the verdict. We agree that there was insufficient evidence to corroborate the testimony of the accomplices.

About 8:30 p.m. on May 7, 1982, Hoyt Green was working in his yard when two men approached him and tried to rob him. He had a garden hoe in his hand in such a manner as to appear ready to strike the two men who had approached him. The two men were heard by a witness to order Green to put the hoe down. Three shots were heard. The victim's daughter looked out a window and saw her father fall and two men run away. Mr. Green was found on the hoe beside his house in a dying condition. The hoe was later determined to have human blood on it. Mr. Green never spoke before he died. A witness nearby heard gunshots at the scene of the murder and observed two men run around the corner. They got into a parked Buick automobile, with the motor running, which was occupied by one or two men, and drove away. Eddie Coleman, one of the suspects, owned a Buick automobile. A handgun with three expended shells in the cylinder was found at Wolfe Street and Wright Avenue a short time later.

Officers went to a residence later in the evening for the purpose of arresting appellant and another suspect. Both men were found hiding in the attic of the house. Appellant had a fresh wound on his upper arm.

Two accomplices testified that they had made a deal with the state to plead guilty and receive 20 year sentences for first degree murder. Their testimony, if believed, was clearly sufficient to convict the appellant. However, the question presented for review by this court is whether there was corroborating evidence sufficient to justify the conviction. Arkansas Stat. Ann. § 43-2116 (Repl. 1977) specifically prohibits conviction of an accused upon the testimony of an accomplice unless it is corroborated by other evidence tending to connect the defendant with the offense committed. Our cases in support of this statute are too numerous to require citation. The corroborating evidence must be sufficient to establish the commission of the offense and tends to connect the accused therewith. Even though it need only connect the accused to the crime it must do more than create suspicion. Such connecting evidence may be circumstantial but it must be substantial. It need not be sufficient of itself to sustain a conviction. It may even be slight and not altogether satisfactory and convincing, but if it is substantial it is still sufficient to support the testimony of an accomplice and uphold a conviction. *Olles* v. *State,* 260 Ark. 571, 542 S.W.2d 755 (1976).

What is the corroborating evidence in this case? There is no dispute that the crime was committed. Hoyt Green was murdered in his own yard by being shot three times by one of two men who were observed by at least two witnesses. The victim called for help shortly before the shots were fired. He was observed holding a hoe before he was murdered. Appellant had a fresh wound on the upper part of his arm. Three shots were heard at the murder scene. A gun with three expended cartridges was found at Wolfe Street and Wright Avenue shortly after the murder. A witness observed a Buick with the motor running parked around the corner from the murder scene. He also saw two men run to the Buick and get in as the vehicle pulled away. The hoe which the victim held prior to his murder was determined to have human blood on

it but in insufficient quantity to further classify it.

All of the information in the preceding paragraph was presented by witnesses who were not accomplices. However, not one shred of the testimony connected the appellant to the murder. From the evidence, other than that of the accomplices, any black man of the general description of appellant could have been convicted. Except for the accomplices, no witness identified the appellant at the scene nor in the Buick automobile nor at any other time or place connected with this murder. He made no statement himself but he has a constitutional right to remain silent.

Pursuant to Ark. Stat. Ann. § 43-2116 and our precedent we are bound as a matter of law to set aside this conviction. *Pace* v. *State,* 267 Ark. 610, 593 S.W.2d 20 (1980). No one should be deprived of liberty on mere suspicion or conjecture. The most we have here is a mere inference and it is not of the nature such as to point to appellant's guilt so clearly that any other conclusion would be inconsistent. *Pace* supra and *Ravellette* v. *State,* 264 Ark. 344, 571 S.W.2d 433 (1978).

Reversed and dismissed.

ADKISSON, C.J., dissents.