**J.D. TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0319–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 21, 1984.

Craig A. Washington, Craig A. Washington & Associates, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Becky Gardner, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

The trial court convicted appellant of possession of cocaine and assessed his punishment at two years confinement. Appellant brings two grounds of error on appeal.

■ In his first ground of error, appellant asserts that the trial court erred in failing to grant his motion to suppress. He urges that the warrantless search of his automobile was not made incident to his lawful arrest.

The arresting officer testified that he and his partner saw appellant driving his pickup truck down the wrong side of a two-way residential street in Houston. As appellant turned onto another street, the officers turned on their emergency equipment, but appellant continued to drive another three to four blocks before stopping. During this time, the arresting officer observed appellant and his passenger through the rear window of the pickup truck. The officer testified that appellant reached behind himself as if he were reaching in his back pocket and then looked over his right shoulder. Although the officer could not see appellant's hands, he was able to observe the upper part of appellant's torso down to the shoulder blades. The officer stopped appellant for driving on the wrong side of the road. The arresting officer approached the driver's window, and his partner approached the passenger's window. The arresting officer asked appellant to get out of the truck, and step to the rear

of the truck. Because appellant was driving on the wrong side of the street, the arresting officer testified that he thought appellant might be drunk, and the officer conducted a field sobriety test. After he decided that appellant was not intoxicated, he patted down appellant for weapons. He asked the dispatcher to check appellant for outstanding warrants, and then left appellant standing at the back of the truck and approached the passenger's window to talk to his partner. The arresting officer shined his flashlight into the cab of the truck, and observed on the floor board on the driver's side a clear cellophane package which contained a white powdery substance. The officer testified that he thought the white substance was cocaine, and he requested the passenger to step out of the truck. He then picked up the package and arrested appellant for possession of cocaine. At that time, he determined that appellant was the owner of the truck by checking with the police vehicle registration department and also by questioning the appellant.

The arresting officer's partner corroborated this testimony, and testified that he had shined his flashlight into the cab of the truck when he approached the passenger side. He did not observe the cellophane package on the floor board until the arresting officer pointed it out to him. He said he could not have seen it from where he was originally standing.

Appellant urges that the officers had no justification for searching his pickup because the search was not reasonably necessary to protect the officers from bodily injury. However, the officers did not search appellant's truck. The Court of Criminal Appeals has held that contraband contained in a cellophane bag found on the floor board of an automobile in plain view may be properly admitted into evidence. *Nickerson v. State*, 660 S.W.2d 825 (Tex. Crim.App.1983). The officers in the instant case had a right to be where they were, and saw the cocaine in plain view on the floor of the pickup truck. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant asserts that the trial court erred in finding that the evidence was sufficient to establish that appellant had possession of the cocaine. The evidence showed that appellant was the owner of the truck, and that the cocaine was located on the driver's side on the floor of the pickup. It further showed that, after the officers had turned on their emergency equipment, including their spotlights, the appellant continued to drive for three or four blocks, and he was observed turning his body as if he was removing something from his rear pocket.

*Deshong v. State*, 625 S.W.2d 327 (Tex. Crim.App.1981), is similar to the instant case. In *Deshong*, the defendant was stopped for driving erratically. As the officer opened the driver's door to the car, he noticed a plastic baggie containing what he believed to be marijuana on the floor board of the car between the door and the driver's seat. The car was used as a delivery vehicle in the defendant's business, and others had access to the vehicle. The defendant had a passenger with him, but the court found that the evidence was sufficient to support his conviction. Describing the test to be used, the court stated:

When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused with the contraband.

625 S.W.2d at 329. In the instant case, the cocaine was discovered on the driver's side of the floor board, and appellant was the owner of the truck. Appellant argues that *Deshong* is distinguishable because the contraband in that case was located in a position inaccessible to the passenger. Appellant cites *Baltazar v. State*, 638 S.W.2d 130 (Tex.App.—Corpus Christi 1982, no pet.), in which the court held that the evidence was not sufficient to exclude the possibility of possession by another. In that case, the officers stopped the defendant on suspicion of a robbery, discovered

gambling paraphernalia on his person during a pat-down search, and arrested him. The defendant's passenger was allowed to depart. When the defendant's vehicle was impounded and searched, an envelope of cocaine was found in a tissue box on the dashboard of the car. The court held that the evidence was insufficient to prove that the defendant had possession of cocaine, noting:

> It is true that the area of the automobile in which the substance was found, i.e., on the dashboard, was convenient to appellant and rendered it readily accessible to him. This one circumstantial link, however, is not sufficient. We do not feel that the circumstances presented exclude with any degree of certainty every other reasonable hypothesis except appellant's own unlawful possession.

638 S.W.2d at 132 (citations omitted). The court in *Baltazar* also noted that there was no evidence regarding ownership of the car that the defendant was driving at the time of his arrest, no evidence as to how long the car had been in the defendant's possession, and nothing to indicate that the defendant had sole access to the automobile. In the instant case, the arresting officer testified that appellant was the owner of the truck, that the cocaine was located on the driver's side of the truck, and that appellant's movements just before his arrest indicated that he was removing something from his pocket. There is no evidence that appellant's passenger was ever aware of the cocaine. We find that this evidence, although circumstantial, was sufficient to link appellant with possession of the cocaine. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.