Appellant James Milton Vaughn was indicted by the Mobile County grand jury on three counts charging violations of the Uniform Controlled Substances Act, § 20-2-70, Code of Alabama 1975. He was subsequently tried and convicted on counts one and two. Count three was nol-prossed at an earlier time. Appellant was sentenced to a term of imprisonment of two years.
The evidence reveals that Officer Henry Rothe of the Mobile Police Department was patrolling the midnight shift on January 23, 1982. During the course of the evening, Officer Rothe spoke with two informants who in the past had given him information which had led to the arrest and conviction of narcotics violators. Both informants told Officer Rothe that "Bobby" and "Rexine" were selling or dealing "sets." Officer Rothe testified that he understood that a set was two pills, usually each a controlled substance, wrapped in tin foil and sold illegally. One of the informants also told him that Bobby and Rexine were in a white-over-red Cadillac with a personalized tag of "Big V" on it. He then put out a call for members of his squad to be on the lookout for this vehicle.
Soon thereafter, Officer Bilbo located the vehicle in front of the Riviera Club on St. Stephens Road, notified Officer Rothe, and kept the vehicle and its occupants under surveilance until Rothe arrived. Upon arrival at the Riviera Club, Officer Rothe and Officer McInnis approached the car. Officer McInnis told Officer Rothe that he observed a pistol on the front seat. Officer Rothe asked the appellant, who was seated in the driver's seat, if he had a permit for the pistol. Appellant said "no," and Officer Rothe placed him under arrest. Ms. Rexine Cruse, who was seated in the passenger seat, was also placed under arrest.
After the arrest, the officers conducted an inventory search of the vehicle. Officer Rothe stated that this was standard procedure of the Mobile police when the driver of a vehicle is placed under arrest. During the search of the trunk, two pistols and a shaving kit, which contained narcotics paraphernalia with a residue of some type of substances, were found. These substances were turned over to the police lab, and analysis revealed that the substances were pentazocine and phenmetrazine, both controlled substances.
 I
Appellant first contends that the trial court erred to reversal when it denied appellant's motion for suppression of the seized items. This motion, according to appellant, "stemmed from the lack of probable cause of the officer in question for the stop and subsequent search."
This court in Vogel v. State, 426 So.2d 863 (Ala.Cr.App. 1980), affirmed, 426 So.2d 882 (Ala. 1982), cert. denied,462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983), noted that:
 "It is . . . well recognized . . . that police may constitutionally detain an individual for brief periods of questioning `on a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity.' Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889
(1968); § 15-5-30, Code of Alabama 1975; Fennell v. State, 51 Ala. App. 23, 282 So.2d 373, cert. denied, 291 Ala. 778, 282 So.2d 379 (1973)."
The officer in the instant case had received information from previously reliable informants that two persons in a red and white Cadillac with a custom license tag of "Big V" were dealing in the sale of narcotics. This description met that of appellant exactly. Therefore, the officers were completely justified in approaching appellant's parked car and questioning him. Immediately upon walking up beside appellant's automobile, a pistol was seen in plain view on the seat. The officer then correctly asked the appellant if he had a pistol permit and, when he said "no", was justified in placing him under arrest. Code of Alabama 1975, §§ 13A-11-73, 13A-11-84, and 15-10-3. *Page 664 
Searches conducted outside the judicial process, without prior approval of the court, are per se unreasonable under the Fourth Amendment, subject only to a few well delineated exceptions. Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408,57 L.Ed.2d 290 (1978); Katz v. United States, 389 U.S. 347,88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Vogel, supra. One such exception is the inventory search made to secure valuable or similar items. South Dakota v. Opperman, 428 U.S. 364,96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); Wilkinson v. State, 374 So.2d 400
(Ala. 1979). In the instant case the search was an "inventory search" conducted pursuant to established police procedure and as such was not improper. We further note that in United Statesv. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), it was held that when probable cause exists a search of a vehicle "is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained." Here the facts clearly would support the issuance of a warrant. Therefore, we hold that the search of the vehicle was valid under both the inventory search exception and the rule espoused in Ross and that the fruits of the search were properly not suppressed.
 II
The appellant next contends that the trial court erred to reversal when it denied his motion for a directed verdict. This motion was based on his contention that the state failed to prove knowledge on the part of appellant of the existence of the drugs and consequently could not establish constructive possession.
"The mere presence of an accused in an automobile containing drugs is not sufficient to establish that the accused had knowledge of their presence. . . . However, knowledge of the presence of drugs may be inferred from the accused's possession, control and ownership of the vehicle." Temple v.State, 366 So.2d 740 (Ala.Cr.App. 1979). This court went on to hold in Temple, supra, that the kinds of circumstances which may provide a connection between a defendant and contraband are "evidence that the defendant had substantial control over the particular place where the contraband was found" and "evidence that debris of the contraband was found on the defendant's person or with his personal effects."
In the instant case the appellant was behind the wheel of his car, and in possession of the keys thereto; the drugs were found in his locked trunk in a shaving kit which also contained a bottle on which there was a label numbered with appellant's patient number from the Gateway Methadone Treatment Program. Appellant, therefore, had substantial control over the place where the contraband was found, and it was found among his personal effects. We hold that this evidence was sufficient to connect the appellant with the contraband and establish his knowledge of its existence.
We therefore conclude that the trial court did not err in refusing to grant appellant's motion for a directed verdict of acquittal.
 III
Finally, the appellant contends that the trial court erred to reversal in refusing to give his requested jury charge number two.
A review of the record reveals that the only objection raised by appellant concerning the refusal of the trial court to give the requested charge was his statement: "We also except to your instructions of not giving all of our written charges. We would except to your oral instruction on constructive possession."
Temporary Rule 14, Alabama Rules of Criminal Procedure, provides in part:
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which *Page 665 
he objects and the grounds of his objection."
Here, the appellant stated no grounds for his objection to the court's refusal to give his requested charge number two. The appellant, according to Rule 14, cannot now assign as error the court's refusal to give the requested instruction.
We therefore hold that the appellant did not preserve an objection for appellate review concerning the trial court's refusal to give his requested instruction number two.
This case is therefore due to be affirmed.
AFFIRMED.
All The Judges concur.