Harvey D. PLOTTS *v.* STATE of Arkansas

CR 88-81                                           759 S.W.2d 793

Supreme Court of Arkansas
Opinion delivered November 14, 1988

*McMillan, Turner & McCorkle*, by: *F. Thomas Curry*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Harvey Plotts, was convicted of possession of marijuana with intent to deliver and sentenced to ten years imprisonment and a fine of

$25,000.00. For reversal he argues that the trial court erred in (1) refusing to grant a directed verdict in that there is insufficient evidence of guilt and (2) refusing to give the jury an instruction on the lesser included offense of simple possession thereby creating an unconstitutional mandatory presumption. We find no error and affirm the judgment of the trial court.

At approximately 11:20 p.m. on September 24, 1987, Officer David Hathcoat, while patrolling on I-30 near Arkadelphia, spotted an eastbound Datsun "280ZX" weaving from lane to lane. After following the car for a short distance, the officer pulled the car over. After determining that Vega, the driver, had no driver's license, the officer informed him that he was under arrest for reckless driving and driving without a license. As the officer was putting the handcuffs on Vega, Vega dropped an aluminum foil package with syringes sticking out of it onto the ground. The officer then called for assistance.

Immediately thereafter, the officer walked over to the passenger side of the car to question appellant Plotts. As he approached Plotts, the officer (with the aid of a flashlight) spotted a clothes bag in the backseat which appeared to be full and thick but had no hangers sticking out of the top. He also noticed that there was a plastic bag containing green vegetable material protruding out of the clothes bag. After determining that Plotts owned the car, the officer asked him if he could search it. According to the officer, Plotts replied, "You can search the vehicle, any part of the vehicle you want to. If there are any drugs in there, I want them out."

After the deputy arrived, Officer Hathcoat took the clothes bag out of the back seat, placed it on the hood of the car, and unzipped the bag. Therein he found seven bags containing a total of 5 lbs., 12.7 ounces of marijuana. The officer immediately read Plotts his rights and arrested him.

Testimony and physical evidence supporting this scenario were the State's case. At the close of the State's presentation, Plotts moved for a directed verdict on the grounds that the State had not proved beyond a reasonable doubt that he possessed marijuana with intent to deliver. The court denied the motion, and the defense rested. The jury then found Plotts guilty.

## I. SUFFICIENCY OF THE EVIDENCE.

Plotts alleges that there is insufficient evidence to support the jury verdict. We hold to the contrary.

■■ In determining whether there is sufficient evidence to support a jury verdict, we view the evidence in a light most favorable to the State and affirm if there is substantial evidence to support the conviction. *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988). Substantial evidence is evidence which is of sufficient force to compel a conclusion one way or another. *Id.* It must be more than mere speculation or conjecture. *Williams* v. *State*, 289 Ark. 443, 711 S.W.2d 825 (1986).

■■ The issue we must decide is whether the State presented sufficient evidence to prove that Plotts possessed marijuana with intent to deliver. In order to convict a defendant on possession of a controlled substance, the State need not prove that the accused had actual possession of the controlled substance. *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982). Constructive possession, which is the control or right to control the contraband, is sufficient. *Id.* Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Id.*

■ Where there is joint occupancy of the premises where contraband is found, some additional factor must be present linking the accused to the contraband. *Westbrook* v. *State*, 286 Ark. 192, 691 S.W.2d 123 (1985). *See Ravellette* v. *State*, 264 Ark. 344, 571 S.W.2d 433 (1978). In such cases, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband and (2) that the accused knew the matter possessed was contraband. *Williams, supra.*

In *Williams, supra,* the police stopped the appellant, who was driving his ex-wife's car, and another individual, who was seated in the right front seat, for speeding. In searching the car, which was emitting a cloud of blue marijuana smoke, the police found a brown paper sack on the floorboard in front of the passenger (according to one officer, in the center of the floorboard) containing 3.6 ounces of marijuana, traces of marijuana "strung all over" the floorboard, and several "roaches" in the

ashtray, one still simmering. In addition, the passenger had a significant amount of marijuana scattered over his clothing. No traces of marijuana were found on the appellant.

In holding that there was insufficient evidence to support the appellant's conviction for possession of marijuana, we found that the State did not meet its burden of proving that the appellant had both (1) knowledge of the presence of marijuana and (2) control over it.

We have had few cases, except *Williams*, in which to develop workable guidelines for reviewing a possession conviction where the police find contraband in a vehicle occupied by more than one person, and there is no direct evidence that the contraband belongs to a particular occupant. Accordingly, a review of the analytical framework utilized by other jurisdictions would be useful.

Other courts have held that the prosecution can sufficiently link an accused to contraband found in an automobile jointly occupied by more than one person by showing additional facts and circumstances indicating the accused's knowledge and control of the contraband, such as the contraband's being (1) in plain view [*Albert v. State*, 659 S.W.2d 41 (Tex. Ct. App. 1983); *State v. Godsey*, 202 Mont. 100, 656 P.2d 811 (1982); *Zicca v. State*, 232 So. 2d 414 (Fla. Dist. Ct. App. 1970)]; (2) on the defendant's person or with his personal effects [*Vaughn v. State*, 473 So. 2d 661 (Ala. Crim. App. 1985)]; or (3) found on the same side of the car seat as the defendant was sitting or in immediate proximity to him [*Taylor v. State*, 682 S.W.2d 391 (Tex. Ct. App. 1984); *State v. Woodruff*, 205 Neb. 638, 288 N.W.2d 754 (1980); *Machin v. Wainwright*, 758 F.2d 1431 (11th Cir. 1985)]. Other facts include the accused (4) being the owner of the automobile in question [*Rudd v. State*, 649 P.2d 791 (Okla. Crim. App. 1982); *Albert, supra; Taylor, supra. See also Zicca, supra*] or exercising dominion and control over it [*Woodruff, supra*]; and (5) acting suspiciously before or during arrest [*Machin, supra; Taylor, supra*].

In *Taylor, supra*, the police discovered cocaine in a clear cellophane package on the floorboard of the driver's side of a truck in which the driver-appellant and a passenger were seated. The court held that the officer's testimony that the appellant was

the owner of the truck, that cocaine was located on the appellant's side of the truck, and that the appellant's movements just before his arrest indicated he was removing something from his pocket was sufficient to show possession.

In *Zicca, supra,* the police stopped a vehicle in which the appellant-driver and three other persons were present. The evidence introduced at trial established that the appellant was the owner of the car and that after stopping the appellant, the police spotted marijuana in a cellophane bag on a homemade shelf behind the passenger seat of the car in plain view. On appeal, the court held that this evidence was sufficient to show possession.

In *Westbrook, supra,* utilizing some of the same facts or circumstances enunciated by these other courts, we linked the accused to contraband found in the kitchen area of a home jointly occupied by the accused and another individual. These facts or circumstances were as follows: (1) the accused owned the house and had the superior right to its control; (2) while an officer was searching the bathroom, the accused came in, picked up a jewelry box, and started out; when the officer retrieved the box it was found to contain $3,700.00 wrapped in three brown paper bags; and (3) upon being taken into custody, the accused asked, "I would like to know which whore in town turned me in."

We turn now to the facts of the case at bar and apply the relevant factors. After stopping Plotts' car and determining that Vega, the driver, had no driver's license, the officer informed Vega that he was under arrest for reckless driving and driving without a license. As the officer was putting the handcuffs on Vega, Vega dropped an aluminum foil package with syringes sticking out of it onto the ground. The officer then called for assistance.

Immediately thereafter, the officer walked over to the passenger side of the car to question appellant Plotts. As he approached Plotts, the officer (with the aid of a flashlight) spotted a clothes bag in the backseat which appeared to be full and thick but had no hangers sticking out of the top. He also noticed that there was a plastic bag containing green vegetable material protruding out of the clothes bag. After determining that Plotts owned the car, the officer asked him if he could search it. According to the officer, Plotts replied, "You can search the

vehicle, any part of the vehicle you want to. If there are any drugs in there, I want them out." Shortly thereafter, the officers searched the clothes bag and found seven bags of marijuana.

■ We conclude that the following facts, when blended together, constitute sufficient evidence of Plotts' knowledge of and control over the marijuana so as to establish possession of the controlled substance: (1) the officer spotted the suspicious looking clothes bag and the plastic bag containing marijuana in plain view in the backseat of the car; (2) Plotts owned the vehicle in question; and (3) he made the somewhat suspicious statement, "You can search the vehicle, any part of the vehicle you want to. If there are any drugs in there, I want them out," after Vega had been removed from the vehicle.

■ In finding that these facts sufficiently establish possession, we note that our decision in *Williams* likely would have been decided differently under our current analysis. To the extent *Williams* is inconsistent with this decision, *Williams* is overruled.

## II. JURY INSTRUCTION.

■ Plotts contends that the trial court erred in refusing to give the jury an instruction on the lesser included offense of simple possession thereby creating an unconstitutional mandatory presumption. Because he did not abstract the proposed instruction, we do not consider this issue. *Dollar* v. *State*, 287 Ark. 61, 697 S.W.2d 868 (1985).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Hereafter all automobile owners must be careful to search the containers and luggage of guests who ride in their vehicles. Failure to do so could result in a sentence to the Arkansas Department of Correction for ten years and a fine of $25,000. One must also be careful whom he talks to or rides with because in the event a person with whom one associates is convicted of a crime, he too could be considered an accomplice and sentenced likewise.

In this case the appellant and his friend were stopped by the officer because the car was "weaving back and forth." After the vehicle was stopped, the officer had the driver, appellant's guest,

step out of the car for some reason. Traffic violations do not ordinarily require the driver to get out of the vehicle. As he was handcuffing the driver a packet of drug paraphernalia fell from his hands or pocket. Obviously the appellant saw what happened and when the officer came to his side of the car and asked to search his vehicle, he stated: "You can search the vehicle, any part of the vehicle you want to. If there are any drugs in there, I want them out." The majority has turned this statement into an incriminating one rather than one obviously made by a person who was shocked when suddenly confronted by the fact his companion possessed drug paraphernalia while riding in the appellant's vehicle. It is apparent that the majority would have found it to be incriminating had the appellant said, "No, you can not search my vehicle." It is my opinion that there is nothing under the sun that the appellant could have said or done that would have convinced either the trial court or this court that he was not guilty. After all, he was riding in an automobile which contained a plastic clothing bag with marijuana in it. What more proof of guilt is needed?

With the aid of a flashlight, the officer discovered in "plain view" a suitbag containing marijuana. His reason for deciding it contained marijuana was that he could not see the end of a clothes hanger sticking out of the top of the bag. After removing the bag from the car and placing it on the hood, he unzipped it and discovered the marijuana right there in "plain view." Not a shred of evidence was introduced to indicate that the appellant knew this marijuana was in his automobile, or that he knew that the driver possessed drug paraphernalia. Everything connecting the appellant to this crime is purely speculative. Mere association is not enough to sustain a conviction.

We have previously gone far enough in upholding the convictions of people who are associated with known law violators through the joint occupancy of vehicles or premises. The majority states: "Where there is joint occupancy of the premises where contraband is found, some additional factor must be present linking the accused to the contraband." I agree with this statement of the law. However, the majority then proceeds to dismantle this well-reasoned rule of law and to replace it with a subjective standard whereby a strong suspicion is all that is necessary to uphold a conviction.

There is not one scintilla of evidence in this record to show that the accused exercised care, control, or management over the contraband or that he knew the matter was in his vehicle. The effect of the decision today is to completely reverse the burden of proof and implant a new rule of law which creates a "rebuttable presumption" that joint occupancy alone is sufficient to establish joint possession — in this case, possession with intent to deliver. There is already firmly rooted in our law the rebuttable presumption that possession of a certain amount of contraband gives rise to the presumption of intent to deliver. To this presumption the court has today added, without expressly saying so, another rebuttable presumption that joint occupancy gives rise to the presumption of joint possession. In effect, the trial court and this court have "rebuttable presumptioned" this defendant into a ten year sentence. Under the holding today, all the state need prove is that contraband was found in the car in which a defendant was riding. The burden then shifts to the defendant to prove that he didn't know it was there *and* that he didn't intend to sell it. The court has taken a fundamental principle of criminal law — that the state must establish the guilt of one accused of a crime — and turned it completely on its head.

At the very least, the trial court should have given the proffered instruction on simple possession. Under the facts of this case the failure to do so is a clear violation of the statutory and constitutional rights of the appellant. The decision of the court today is completely contrary to previously existing case law. I would reverse and remand for a new trial.