Ray Harrison JONES v. STATE of Arkansas

CR 90-191                                            802 S.W.2d 447

Supreme Court of Arkansas
Opinion delivered January 22, 1991
[Rehearing denied February 25, 1991.]

*Jones & Tiller Law Firm*, by: *Marquis E. Jones*, for appellant.

*Ron Fields*, Att'y Gen., *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Ray Harrison Jones, was convicted of delivery of cocaine, possession of marijuana with intent to deliver, and possession of cocaine with intent to deliver. He challenges his conviction on the ground that the trial court erroneously refused to grant a motion in limine which would have prohibited the state from introducing in evidence a paper bag containing controlled substances. He also contends the court erred in failing to suppress that evidence. We find no error and affirm.

Officer Moore worked undercover. He drove his car to a place where he was approached by a man named Frazier who inquired if he could do anything for Moore. Moore said he wanted a "quarter rock" of cocaine. Frazier said he did not have it but could take Moore to a place where it could be obtained. Frazier got in Moore's unmarked car, and they drove to a place where Jones was sitting on a trash dumpster.

Moore tried to give Frazier money to use in the drug transaction, but Frazier said he wanted to use his own. Frazier approached Jones. Moore observed Jones handing Frazier a white paper. Frazier came back to the car and said he wanted half of the powder in the paper and Moore could have the other half. Frazier unfolded the paper and divided the powder which was later found to be cocaine. Moore paid Frazier who then got out of the car.

Moore was equipped with a body microphone. As he was driving away from the scene, he described Jones to other officers who were in vehicles nearby. The other officers drove to the scene and arrested Jones. They searched him and found on his person a $20 bill and three white folded papers containing white powder which was also later found to be cocaine. Moore returned to the scene and identified Jones as the person from whom Frazier had gotten the powder he sold to Moore.

Approximately two feet from the place where Jones had been sitting, officers found a paper bag containing 77 Baggies containing marijuana and 54 white papers containing cocaine. Counsel for Jones asserted by motion in limine and motion to suppress that the paper bag and its contents should not be admitted because, in the event a verdict were directed with respect to the allegation that Jones possessed it, its presence in evidence would prejudice the jury in deciding whether Jones possessed the items allegedly found on his person.

The motions were considered together in an omnibus hearing. The court declined to suppress the evidence and stated that the evidence to be presented by the state was sufficient to go to the jury on the question whether Jones possessed the paper bag and its contents. The court also stated that it would consider the issue again on a motion for directed verdict, but "most certainly there's not enough here to — for me to grant a Motion in Limine."

■ We agree with the trial court's ruling. Although Jones cites cases dealing with the question of sufficiency of evidence of constructive possession, *Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988); *Ravellette* v. *State*, 264 Ark. 344, 571 S.W.2d 433 (1978); *Carey* v. *State*, 259 Ark. 510, 534 S.W.2d 230 (1976), no case is cited which supports the contention that the evidence should have been suppressed, and we are aware of no such case.

■ Jones also contends the search of his person exceeded that which can be made in case of a "Terry stop." The search was not made pursuant to a temporary detention of the sort approved in *Terry* v. *Ohio*, 392 U.S. 1 (1968). It was a search made upon arrest to obtain evidence of the commission of the suspected offense, Ark. R. Crim. P. 12.1.(d), and was thus not limited to a "weapons frisk." The distinction is explained in *United States* v. *Robinson*, 414 U.S. 218 (1973).

Affirmed.