**Victor M. MERCADO,
Petitioner-Appellant,**

v.

**Raymond D. MASSEY, Superintendent,
Union Correctional Institution,
Respondent-Appellee.**

**No. 76–1141
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1976.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Victor M. Mercado, Pro Se.

Paul H. Zacks, Asst. Atty. Gen., Robert L. Shevin, Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Petitioner appeals from the district court's dismissal of a writ of habeas corpus under 28 U.S.C.A. § 2254. Mercado was convicted in Florida state court of first degree murder. He did not deny shooting the deceased, but claimed self defense. He was found guilty and sentenced to life imprisonment. He alleges three errors occurred in his state trial which rise to constitutional level: (1) admitting into evidence photographs of the victim's body; (2) improper comments by prosecutor concerning petitioner's silence; and (3) insufficient evidence. We affirm the district court's dismissal.

Mercado contends that the photographs of the deceased's body inflamed and impassioned the jury so as to deny him a fair trial. The admissibility of these photographs, however, was an evidentiary question for the state trial judge. *Pleas v. Wainwright,* 441 F.2d 56, 57 (5th Cir. 1971). Federal courts do not sit to review state evidentiary questions. *Lisenba v. California,* 314 U.S. 219, 227–228, 62 S.Ct. 280, 86 L.Ed. 166 (1941); *Williams v. Wainwright,* 427 F.2d 921, 923 (5th Cir. 1970), *vacated as to death penalty,* 408 U.S. 941, 92 S.Ct. 2864, 33 L.Ed.2d 765 (1972). This is not the type of matter proper for habeas corpus relief. *Pleas v. Wainwright, supra. See Heads v. Beto,* 468 F.2d 240, 241 (5th Cir. 1972), *cert. denied,* 410 U.S. 969, 93 S.Ct. 1454, 35 L.Ed.2d 704 (1973).

Mercado next argues constitutional error in what he alleges to be the prosecutor's comments concerning his silence at the time of arrest. In *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975),

the Supreme Court, exercising its supervisory power over the federal courts, held under the circumstances of the case that it was prejudicial error for a trial court to permit cross-examination of a defendant concerning his silence during police interrogation. In a pre-*Hale* decision, *United States v. Ramirez,* 441 F.2d 950, 953–954 (5th Cir.), *cert. denied,* 404 U.S. 869, 92 S.Ct. 91, 30 L.Ed.2d 113 (1971), this Court had permitted what *Hale* condemned. The Court in *Hale,* however, left open the broader issue as to whether such conduct reached a constitutional level. In *Doyle v. Ohio,* —— U.S. ——, 96 S.Ct. 2240, 49 L.Ed.2d ·91, 44 U.S.L.W. 4902 (1976), an appeal from a state conviction, the Supreme Court answered the constitutional question and held "that the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment." —— U.S. at ——, 96 S.Ct. at 2245, 44 U.S.L.W. at 4904 (footnote omitted). *Doyle* involved an attempt to impeach the defendant-witness's exculpatory story, told for the first time at trial, by cross-examining the defendant about his failure to have told the story after receiving *Miranda* warnings at the time of his arrest.

Although Mercado testified, the prosecutor in cross-examination did not refer to defendant's silence at any time, nor in argument did the prosecutor suggest that silence impeached defendant's trial testimony. There was no objection to the prosecutor's remarks. *See Higgins v. Wainwright,* 424 F.2d 177, 178 (5th Cir.), *cert. denied,* 400 U.S. 905, 91 S.Ct. 145, 27 L.Ed.2d 142 (1970). The full remark in the prosecutor's closing argument which Mercado objects to is as follows:

> At the end of that crime what does he do? He dispassionately and unemotional-ly as anyone can be, with relief that the thing is over, he goes up to Nunez and the barmaid and he even begins to tell his story to the police until the full gravity of the situation hits him suddenly and he realizes he better stop and save this all for the Judge. He realizes the enormity of the crime he knows he is being interrogated about. This is a cool and deliberate thing and an unemotional surrender resignated to what he had done.

In context, the above remark cannot be construed as a suggestion that silence could be used by the jury for impeachment purposes, or, since Mercado testified, as an impermissible reflection on the exercise of the Fifth Amendment privilege against self-incrimination. *See, e. g., Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

Mercado's final argument goes to the sufficiency of the evidence. It is the law, however, that matters of sufficiency of the evidence are not proper for habeas corpus relief unless the record indicates a denial of due process of law. *Jenkins v. Wainwright,* 488 F.2d 136, 137 (5th Cir. 1973), *cert. denied,* 417 U.S. 917, 94 S.Ct. 2620, 41 L.Ed.2d 222 (1974); *Causey v. Wainwright,* 486 F.2d 601, 602 (5th Cir. 1973); *Colbroth v. Wainwright,* 466 F.2d 1193, 1193–1194 (5th Cir. 1972). There was sufficient evidence for Mercado's conviction to withstand any attack based on failure of constitutional due process.

AFFIRMED.