Cecil J. OSBORNE, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, et al.,
Respondents-Appellees.

No. 82–3105.

United States Court of Appeals,
Eleventh Circuit.

Dec. 5, 1983.

---

Stuart C. Markman, Tampa, Fla., for petitioner-appellant.

Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, Fla., for respondents-appellees.

Before ANDERSON and CLARK, Circuit Judges, and DUMBAULD *, District Judge.

PER CURIAM:

The appellant Cecil J. Osborne was convicted in the state court of Florida for the offense of second-degree murder. After appeal of that conviction to the state court, which affirmed without opinion, Osborne pursued his state court remedies after which he filed a petition for a writ of habeas corpus under 28 U.S.C.A. § 2254 in the United States District Court. One of the grounds upon which the petitioner below sought relief was the admission over objection of a number of gruesome photographs. The basis of petitioner's § 2254 claim was that the evidence denied him a fundamentally fair trial in that the photographs inflamed the jury, creating prejudice against him in a case where the evidence was extremely close and based solely on circumstances which would not clearly identify petitioner as the culprit.

The district judge in her order had the following to say:

The final ground raised in the petition is that "petitioner was denied due process of law wherein the state showed the jury colored, gruesome, prejudicial photographs of the deceased." The admissibility of the photographs was an evidentiary question for the state trial judge. Federal courts do not sit to review evidentiary questions. *Mercado v. Massey,* 536 F.2d 107 (5th Cir. [1976] 1979).

* Honorable Edward Dumbauld, U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

1. In *Lisenba v. California,* 314 U.S. 219, 228, 62 S.Ct. 280, 286, 86 L.Ed. 166 (1941), the Supreme Court admonished that "we do not sit to

While the district court could understandably find support for its ruling in *Mercado,* we think that *Mercado* presents an inexact characterization of the law in this circuit. It is quite correct that habeas courts do not sit to review questions solely evidentiary in nature; but the mere fact that a question concerns evidence does not relieve the reviewing court of its obligation, when requested, to examine the constitutional implications of the admission of that evidence.[1] The more complete statement of the law in this circuit is to be found in *Nettles v. Wainwright,* 677 F.2d 410, 414–15 (5th Cir. Unit B 1982):

As a general rule, a federal court in a habeas corpus case will not review the trial court's actions in the admission of evidence. *Lisenba v. California,* 314 U.S. 219, 228, 62 S.Ct. 280, 286, 86 L.Ed. 166 (1941); [other citation omitted]. While it is true that an evidentiary ruling which deprives a state court defendant of fundamental fairness is cognizable on habeas corpus, *see Barnard v. Henderson,* 514 F.2d 744 (5th Cir.1975), the federal court will make inquiry "only to determine whether the error was of such magnitude as to deny fundamental fairness to the criminal trial...." *Hills v. Henderson,* 529 F.2d 397, 401 (5th Cir.1976). The admission of prejudicial evidence justifies habeas corpus relief only if the evidence "is material in the sense of a crucial, critical, highly significant factor." [citations omitted]. Upon examination of the photographs in question, we agree with the district court that they are not inflammatory or gruesome, and their introduction into evidence was not so critical as to deny Nettles a fundamentally fair trial.

This court is of the opinion that when faced with a claim of fundamental unfair-

review state court action on questions of the trial judge's action in the admission of evidence," but went on to consider (albeit reject) petitioner's claim that the introduction of certain evidence in his case "so infused the trial with unfairness as to deny due process of law."

ness as a federal constitutional issue as proscribed in *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), it is necessary for the district court to consider and determine the issue presented as a federal constitutional issue and not a state evidentiary issue.

■ At oral argument the state contended that the petitioner as defendant in the state court did not sufficiently articulate the gravamen of his due process claim. Our court has held that preciseness of words is not necessary in presenting the issue so long as the state court has an adequate opportunity to consider a party's objection. *Hutchins v. Wainwright,* 715 F.2d 512, 519 (11th Cir.1983).

In this case it was unnecessary that petitioner's trial counsel make specific reference to the due process clause in objecting to admission of the photographs; objection on the grounds that the photographs were gruesome and unduly prejudicial was sufficient to preserve petitioner's due process claims for habeas review.

■ We must therefore remand this case to the district court for consideration of whether the trial court's admission of the photographs constituted error of "such magnitude as to deny fundamental fairness" to the petitioner.

The petitioner urged two other grounds for reversal, one based upon the sufficiency of the evidence, and the other upon alleged prosecutorial misconduct in the opening statement by reference to later suppressed evidence. With respect to these grounds, the opinion of the district court is affirmed.

AFFIRMED IN PART, REMANDED IN PART.