Mario MACHIN, Petitioner-Appellee,

v.

Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent-Appellant.

No. 84–5341.

United States Court of Appeals, Eleventh Circuit.

April 25, 1985.

Michael J. Neimand, Asst. Atty. Gen., Miami, Fla., for respondent-appellant.

Donald I. Bierman, Bierman, Sonnett, Beiley, Shohat & Sale, Benedict P. Kuehne, Miami, Fla., for petitioner-appellee.

Before VANCE and ANDERSON, Circuit Judges, and HENLEY *, Senior Circuit Judge.

HENLEY, Senior Circuit Judge:

Mario Machin was convicted in state court of one count of possession of marijuana with intent to distribute and one count of trafficking in cannabis. He was sentenced to consecutive five and thirty year terms of imprisonment along with a $25,000.00 fine. After exhausting his state remedies, he filed the present petition for habeas corpus alleging that a state law discovery violation rendered his trial fundamentally unfair and that the evidence was insufficient to support his convictions. The district court agreed with Machin on both contentions and granted the writ. The state now appeals. We reverse.

On March 27, 1981 Officer Allen Davis stopped a van driven by Lazaro Mazorra for a routine traffic violation, lane straddling. Machin was a passenger in the van. Mazorra got out of the van and began talking to Officer Davis. Meanwhile, Officer Cloyd Hewes arrived to back up Officer Davis. Officer Hewes shined a light inside the van, saw what he thought to be a large

* Honorable J. Smith Henley, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

quantity of marijuana, and told Officer Davis that the van was "loaded."

While Officer Davis frisked Mazorra, Hewes removed and searched Machin. Davis then looked inside the van and saw and smelled a large quantity of baled marijuana in the storage area of the van. Approximately six hundred pounds of marijuana was found stacked against the back of the seats.

Following the presentation of this evidence at trial, Machin moved for a judgment of acquittal, arguing that the evidence showed that he was a mere passenger in the van. The trial judge denied the motion and the defense called Mazorra as a witness.

Mazorra testified that he knowingly drove the marijuana laden van. He stated that he first met Machin at a gas station in Key Largo, Florida and that Machin was looking for a ride to Miami. Mazorra agreed to give Machin a ride, thinking that he, as a black man, would look less suspicious if he was accompanied by a passenger.

The two had been driving about forty-five minutes before they were stopped by the police. Mazorra testified that the two did not speak to each other during this entire time and that Mazorra listened to the radio while Machin slept. Mazorra further testified that he did not tell Machin about the illegal cargo. He stated that the van was equipped with tinted windows and had a curtain separating the cargo area from the driving compartment.

The state then recalled Officer Davis for rebuttal. He stated that he did not notice any curtains in the van and that Mazorra did not mention Machin at any time. However, Officer Davis also testified that, while questioning Mazorra, Davis heard Machin tell Mazorra, "silencio," or "silence."

Machin's counsel immediately moved for a mistrial arguing that the state had never previously disclosed the existence of any statement by Machin. The trial court overruled the motion for a mistrial and also

denied Machin's request for a *Richardson* hearing. *See Richardson v. State*, 246 So.2d 771 (Fla.1971) (where state violates discovery rules, trial court should hold hearing to determine fairness and prejudice to accused of allowing use of the nondisclosed evidence). The trial court ruled that "silencio" was not a statement of the accused within the meaning of the state discovery rules. As such, the nondisclosure of the word did not constitute a discovery violation. The Florida Third District Court of Appeals affirmed Machin's convictions without opinion.

The district court, relying upon a magistrate's recommendation, held that (1) under Fla.R.Crim.P. 3.220(a) the state is required to disclose any oral statements of the accused; (2) the state failed to disclose the word "silencio" and this was a statement of the accused subject to the discovery rule; (3) the failure to disclose the statement prior to trial along with the trial court's failure to hold a *Richardson* hearing rendered Machin's trial fundamentally unfair in violation of his due process rights; and (4) absent the statement, the state's evidence was insufficient to show that Machin was anything other than a mere passenger in the van.

■ The first issue to address is whether the alleged discovery violation violated Machin's due process rights. It is established that "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir.1983) (per curiam); *see also Smith v. Wainwright*, 741 F.2d 1248, 1258 (11th Cir.1984); *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. Unit B 1981) (per curiam). The federal courts must defer to a state court's interpretation of its own rules of evidence and procedure. *Panzavecchia v. Wainwright*, 658 F.2d 337, 340 (5th Cir. Unit B 1981); *see Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

Based upon cited precedent, the state makes the argument that since the state

appellate court affirmed Machin's convictions, we must presume that there was no state law discovery violation. It contends that since we must proceed under the assumption that there was no evidentiary error in Machin's trial, we need not reach the question whether such error rendered Machin's trial fundamentally unfair.

■ While we may disagree with the state court's assessment that the word "silencio" is not a "statement" within the meaning of Florida's discovery rules, the fact remains that, as a federal court sitting in habeas review, we are bound by such an interpretation. *Bronstein,* 646 F.2d at 1050.

■ Nevertheless, "when faced with a claim of fundamental unfairness as a federal constitutional issue ... it is necessary ... to consider and determine the issue presented as a federal constitutional issue and not a state evidentiary issue." *Osborne v. Wainwright,* 720 F.2d 1237, 1238–39 (11th Cir.1983) (per curiam); *see Boykins v. Wainwright,* 737 F.2d 1539, 1544 (11th Cir.1984). Such a review is narrow. It is limited to determining whether Machin's trial was so unfair as to involve a violation of due process. *E.g., Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Osborne, supra.* In instances the admission of prejudicial evidence may support habeas relief if the evidence "is material in the sense of a crucial, critical, highly significant factor." *Osborne,* 720 F.2d at 1238–39 (quoting *Nettles v. Wainwright,* 677 F.2d 410, 414–15 (5th Cir. Unit B 1982); *Dickson v. Wainwright,* 683 F.2d 348, 350 (11th Cir.1982). Reduced to its essence, the issue in this case is whether the admission of the word "silencio" was fundamentally unfair in view of its late or "surprise" disclosure.

The district court, in ruling that Machin's trial was unfair, stated that Machin had relied on the prosecutor's response to his discovery request that there were no written statements made by Machin. In addition, the court noted that Officer Davis, in a deposition taken prior to trial, testified that Machin had not made any statements. Because defense counsel relied on these responses and assumed there were no such statements, the district court stated that the defense had no "opportunity to challenge the statement by pre-trial motion and to construct a defense based on all of the material facts."

■ We disagree. While we do not fully condone the prosecutor's actions here, we do not believe that the "surprise" disclosure rendered Machin's trial fundamentally unfair in terms of the constitutional guarantee of due process. In the first place, the statement was equally within the defendant's own knowledge. Machin could have communicated to his counsel that he had made such a statement. Moreover, Machin's counsel, instead of deposing Officer Davis himself, relied upon the deposition taken by Mazorra's counsel. Had counsel deposed Davis himself, he might well have ascertained the substance of the statement. In addition, Machin had the opportunity to cross-examine Officer Davis to impeach his testimony. We note that he could have used the deposition taken by Mazorra's counsel as a prior inconsistent statement. Machin also could have recalled Mazorra to testify as to whether he heard Machin say "silencio" to him. In view of the steps defense counsel could have taken to lessen the effect of the late disclosure, and since the statement was equally within the defendant's knowledge, the admission of the word "silencio" was not fundamentally unfair.[1]

1. While the statement was important, there was other evidence submitted which went to prove the control element of the possession offense (Machin's close proximity to the drugs), and we cannot say that the statement was crucial in a constitutional sense. *See* discussion of sufficiency of the evidence *infra.* We also do not find that Machin was denied due process because he was denied the opportunity to move to suppress the statement by pretrial motion. It is clear that the statement was spontaneous and admissible for fifth amendment purposes. Machin has offered no persuasive argument for its suppression.

■ The district court also held that the evidence was insufficient to prove Machin's guilt beyond a reasonable doubt. The court correctly noted that, in order to sustain the possession convictions, the state had to prove that Machin had constructive possession of the marijuana through adequate proof that he had both knowledge of and dominion and control over the contraband.[2] The court found that there was insufficient evidence presented with regard to the control element.

■ In determining the sufficiency of the evidence for a state criminal conviction, a federal court on habeas review must view the evidence in the light most favorable to the state and grant the petition only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We must presume that conflicting inferences to be drawn from the evidence were resolved by the trier of fact in favor of the prosecution. *Id.* at 326, 99 S.Ct. at 2792.

■ We believe that a rational trier of fact could have found sufficient proof of all necessary elements of the offense beyond a reasonable doubt. The jury properly could have disbelieved Mazorra's testimony that Machin was a mere passenger or hitchhiker in the van. The officers' testimony established that more than six hundred pounds of marijuana were within two to three feet of the place where Machin was seated. His knowledge could be inferred from the testimony that he could both see and smell the marijuana. In addition, one could infer Machin's control from his close proximity to the marijuana, much of which was within his reach. *S.W. v. State,* 431 So.2d 342 (Fla. 2d DCA 1983) (alcohol found in front seat of car sufficient to show ability to exercise control). *Cf. Kuhn v. State,* 439

So.2d 291 (Fla. 3d DCA 1983) (evidence of control not sufficient where marijuana was found in back of pickup truck where it could not be reached from cab). In the circumstances of this case, at least some degree of joint control or dominion over the contraband also could be inferred from Machin's statement to Mazorra to keep quiet in the face of the officers' interrogation. While the evidence was far from overwhelming, it nevertheless satisfies minimum constitutional requirements.

Reversed.

---

2. We must decide the sufficiency of the evidence with reference to the substantive elements of the offense as defined by state law. *Jackson v. Virginia,* 443 U.S. 307, 324 n. 16, 99 S.Ct. 2781, 2792 n. 16, 61 L.Ed.2d 560 (1979). Under Florida law, "[c]onstructive possession exists where the accused without physical pos-

session of the controlled substance knows of its presence ... and has the ability to maintain control over said controlled substance." *Hively v. State,* 336 So.2d 127, 129 (Fla. 4th DCA 1976); *Brown v. State,* 428 So.2d 250, 252 (Fla.), *cert. denied,* 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983).