661 So.2d 889 (1995)
Michael Jude ALLISON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01558.
District Court of Appeal of Florida, Second District.
October 11, 1995.
*892 Manuel A. Machin of Manuel A. Machin, P.A., Tampa, for Appellant.
Daniel L. Castillo, Tampa, cocounsel for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kimberly D. Nolen, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
Michael Jude Allison appeals his conviction of second-degree murder and his departure sentence of life in prison. We reverse and remand for a new trial.
This case involves the murder of Kathlyn Ann Allison, the appellant's former wife. Although Mrs. Allison and the appellant had been divorced for three years, he began to stay at her house in November 1991 to help care for their three children. On the evening of January 4, 1992, appellant, Mrs. Allison, and the three children watched videotapes of two movies. The two youngest children went to bed at around 8:00 p.m. Then appellant, Mrs. Allison, and the oldest child watched a movie on television. The oldest child went to bed at about 10:00 p.m. The next morning the oldest child found his mother dead in her bed. The cause of Mrs. Allison's death was mechanical asphyxia. The grand jury indicted appellant for first-degree murder. The jury found him guilty of second-degree murder.

I. ADMISSIBILITY OF CHILD'S TAPED STATEMENTS
On January 5, 1992, the day that Mrs. Allison was found dead, Detective Terrie Morganthal conducted an audiotaped interview with the victim's four-year-old daughter. The following day Morganthal conducted a videotaped interview with the child. No one else was present in the room when Morganthal questioned the child; however, a detective from the sheriff's office was in another room and had the capability of making comments or suggesting questions to Morganthal who was wearing an earpiece. Prior to trial the state filed a Notice of Intent to Use Hearsay Statements. The court held a hearing on the admissibility of the videotaped and audiotaped interviews. The court ruled that it would admit the statements into evidence under the statement-of-child-victim exception to the hearsay rule contained in section 90.803(23), Florida Statutes (1991). At trial the state, over defense counsel's objections, played both tapes to the jury.
The trial court erred in concluding that the videotape and audiotape could be admitted into evidence pursuant to section 90.803(23). The trial court did not have the benefit of the supreme court's opinion of State v. Dupree, 656 So.2d 430 (Fla. 1995). The Dupree court held that a child's hearsay statements cannot be admitted under section 90.803(23) unless the case involves the defendant's prosecution for the victimization of the child whose statements are being related. Thus, even though a child may be abused or victimized by what he or she has witnessed, the child cannot be considered a victim for the limited exception to the hearsay rule contained in section 90.803(23).
The trial court also did not have the benefit of the supreme court's opinion in State v. Ford, 626 So.2d 1338 (Fla. 1993). In Ford, the supreme court considered whether the videotaped testimony of a child who witnessed her stepfather murder her mother could be admitted into evidence at trial. The Ford court first concluded that a trial court is permitted to employ a procedure that is necessary to further an important public policy interest even if that procedure is not authorized expressly by the supreme court or otherwise authorized by law. The supreme court recognized that there is an important public policy interest of the state in protecting a child witness from the trauma of testifying in the presence of a defendant accused of killing the child's parent. Once the court *893 determines that the use of an alternative procedure is necessary to protect the welfare of the child, the court must ensure that the child's testimony taken by alternative procedures has sufficient indicia of reliability.
We must determine whether the procedure the trial court used in this case violated Allison's constitutional right to face-to-face confrontation. The United States Supreme Court has held that "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." Maryland v. Craig, 497 U.S. 836, 850, 110 S.Ct. 3157, 3166, 111 L.Ed.2d 666, 682 (1990). In this case, the use of an alternative procedure was necessary to protect the welfare of the child. The parties stipulated that the child was unavailable because, at the time of the trial, she could not remember the events. The psychologist testified that the child's memory could be refreshed if she viewed pictures of the crime scene; however, that would cause severe emotional trauma on the child. Thus, the record supports a determination that the use of an alternative procedure was necessary.
This court's next inquiry is whether the child's videotaped and audiotaped testimony has sufficient indicia of reliability. Craig listed the following elements which generally will satisfy the reliability purpose of the confrontation clause: (1) a full and fair opportunity for the defense to cross-examine a witness to probe and expose infirmity in the witness's testimony; (2) testimony under oath; and (3) the trier of fact has the opportunity to examine the witness's demeanor as the witness testifies. Craig, 497 U.S. at 847, 110 S.Ct. at 3164, 111 L.Ed.2d at 679.
This case fails to meet the first requirement of Craig. Allison and his counsel had no opportunity to cross-examine the child. They were not present during the interviews, and the child did not testify at trial. Thus, the reliability element was not met in this case. As to the second requirement of Craig, the child did not testify under oath; however, a child in Florida is not required to testify under oath if the child understands "the duty to tell the truth or the duty not to lie." § 90.605(2), Fla. Stat. (1991). Detective Morganthal asked the child questions relevant to this issue during the videotaped interview. It showed that the child did understand the difference between the truth and a lie and that it was bad to lie. There were no such questions at the time of the audiotaped interview. Finally, the trier of fact had the opportunity to observe the child's demeanor when she testified on videotape. The jury obviously did not have that opportunity when it listened to the audiotape. Based on the above, it was error for the court to admit the videotape and the audiotape into evidence. After reviewing the entire transcript of the trial, we cannot conclude that there was no reasonable possibility that the error contributed to the verdict. Accordingly, the error was not harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).

II. ADMISSIBILITY OF CHILD'S STATEMENTS TO CLINICAL PSYCHOLOGIST
Dr. Mary Ellen Frasier, a clinical psychologist who counseled the four-year-old child from January 1992 and up to the trial, testified that the child was suffering from posttraumatic stress disorder. The trial court allowed Frasier to testify over defense counsel's objection that the child told her that "her mommy was in heaven but she was going to return, she was going to come back in three weeks to be buried." Frasier also testified that she asked the child why the child thought the child had come to see her and that the child replied, "Because my daddy choked my mommy's neck. He choked her and choked her and choked her." The court ruled that the first statement was not hearsay because it was not admitted to prove the truth of the matter asserted and that the second statement should be admitted pursuant to section 90.803(23). We conclude that the trial court was correct on its ruling regarding the first statement; however, the court's ruling on the second statement was incorrect. As discussed above, in order for a child's out-of-court statements to be admissible *894 under section 90.803(23), the prosecution of the defendant must be based on the victimization of the child whose statements are being related. Dupree. Thus, the four-year-old child's statements could not be admitted under the hearsay exception contained in section 90.803(23).
Further, we conclude that the second statement would not be admissible under section 90.803(4), Florida Statutes (1991) which provides that the following are admissible as an exception to the hearsay rule:
Statements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment, or made by an individual who has knowledge of the facts and is legally responsible for the person who is unable to communicate the facts, which statements describe medical history, past or present symptoms, pains, or sensations, or the inception or general character of the cause or external sources thereof, insofar as reasonably pertinent to the diagnosis or treatment.
Statements describing the inception or cause of an illness or injury are admissible under section 90.803(4) if they are reasonably pertinent to diagnosis or treatment. Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988). Statements of fault, however, are not admissible. Torres-Arboledo, 524 So.2d at 407. In the case of State v. Jones, 625 So.2d 821 (Fla. 1993), the supreme court considered whether to adopt the federal view, as set forth in United States v. Renville, 779 F.2d 430 (8th Cir.1985), that statements of fault or identity may be essential to the diagnosis or treatment of a child who has been a victim of sexual abuse. The Jones court rejected the federal view of expanding the medical diagnosis and treatment exception and held that such statements could be admitted only if the requirements of section 90.803(23) were met. We, however, have determined that section 90.803(23) does not apply to this case due to the fact that this case did not involve the prosecution of appellant for the victimization of the child whose statements are being related.
The statement would not be admissible under section 90.803(4) for another reason. For a statement to be admissible under this exception, there must be a showing that the statement was made for the purpose of diagnosis or treatment and that the individual making the statement knew that it was being made for this purpose. Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986). There was no showing in the record that the child made the statement knowing that it was being made for the purpose of diagnosis or treatment. See Jones, 625 So.2d at 826 n. 12. Thus, the child's statement that her father choked her mother should not have been admitted into evidence. This error was not harmless because we conclude that the state did not show beyond a reasonable doubt that this error did not contribute to the verdict. See DiGuilio.

III. ADMISSIBILITY OF 911 AUDIO RECORDING OF CHILD'S TELEPHONE CALL
The trial court allowed the state to play an audiotape of a 911 call wherein the ten-year-old son frantically called authorities when he discovered that his mother was dead in her bed on the morning following her death. The defense objected, and the court ruled that it was admissible under the excited utterance exception to the hearsay rule. An out-of-court statement is admissible if it is made in response to a startling event during the trauma or stress of the event. § 90.803(2), Fla. Stat. (1991). The state laid the predicate that the child was under stress and crying at the time he made the call. In Ware v. State, 596 So.2d 1200 (Fla. 3d DCA 1992), the Third District held that a 911 recording was admissible under the excited utterance exception to the hearsay rule. Thus, the trial court did not err in admitting the 911 tape into evidence.

IV. VALIDITY OF DEPARTURE SENTENCE[1]
Allison scored in the recommended sentencing range of twelve to seventeen *895 years and a permitted range of seven to twenty-two years. The court sentenced Allison to a departure sentence of life in prison due to the psychological and emotional trauma suffered by the four-year-old child who was present when her father murdered her mother. The emotional trauma suffered by a victim's child who witnessed the crime committed on his or her parent may serve as a reason for departure. Casteel v. State, 498 So.2d 1249 (Fla. 1986). See also Vara v. State, 546 So.2d 1071 (Fla. 2d DCA), review denied, 554 So.2d 1169 (Fla. 1989); Mora v. State, 515 So.2d 291 (Fla. 2d DCA 1987). In this case there was substantial evidence in the record, both from pretrial hearings and trial testimony, that the four-year-old child suffered severe emotional trauma because she was present when her father killed her mother. Thus, the trial court did not err in imposing a departure sentence.
Reversed and remanded for a new trial.
THREADGILL, C.J., and BLUE, J., concur.
NOTES
[1] We include a discussion of this issue in the opinion in the event that Allison is convicted of an offense upon retrial and the trial court determines that the imposition of a departure sentence is warranted.