[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2006
THOMAS K. KAHN
CLERK

No. 06-10708
Non-Argument Calendar

_____

D. C. Docket No. 02-01254-CV-T-30-TGW

HAROLD HARTGE,

Petitioner-Appellant,

versus

JAMES MCDONOUGH,
Secretary, Department of Corrections,
CHARLIE CRIST,
Attorney General of the State of Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 14, 2006)**

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Harold Hartge, a Florida prisoner serving three concurrent natural life sentences for capital sexual battery, proceeding pro se, appeals the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Hartge filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996). Therefore, the provisions of the AEDPA govern this appeal. We granted a certificate of appealability ("COA") on the following issues:

(1) Whether the district court improperly determined that Hartge's claim that the trial court erred in allowing the introduction of explicit victim photographs at trial was unexhausted; and

(2) Whether the district court improperly determined that Hartge's claim that the trial court erred in allowing hearsay testimony in the form of statements made to a witness by the child victim was unexhausted.

On appeal, Hartge argues that he fairly presented both claims as federal constitutional claims. For the reasons set forth more fully below, we affirm as to Issue 1 and vacate and remand as to Issue 2.

In his memorandum of law in support of his pro se petition, Hartge raised, inter alia, the following issues: (1) whether the introduction of a picture of the victim's vagina violated his right to a fair trial and due process under the Fifth and Fourteenth Amendments; and (2) whether the admission of hearsay testimony of statements made by the child victim violated his right to due process under the

2

Fourteenth Amendment. Although this second claim was labeled as a due process claim, Hartge based his claim on Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), a case decided under the Confrontation Clause of the Sixth Amendment. The district court found that neither claim was fairly presented to the state courts as a federal constitutional claim because the issues were presented only in state law terms and Hartge's references to federal law did not alert the state court to the fact that he was asserting federal constitutional claims. The court found that these unexhausted claims were procedurally defaulted because they were not presented on direct appeal.

We review de novo the district court's denial of Hartge's habeas petition. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005), cert. denied, 126 S.Ct. 1828 (2006). We review the district court's factual findings for clear error and mixed questions of law and fact de novo. Id. Exhaustion is a mixed question of law and fact. Fox v. Kelso, 911 F.2d 563, 568 (11th Cir. 1990).

Exhaustion of claims is generally required before habeas petitioners can raise those claims in federal court. McNair, 416 at 1302.

> In order to be exhausted, a federal claim must be fairly presented to the state courts. "It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Rather, in order to ensure that state courts have the first opportunity to hear all

3

claims, federal courts "have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation."

While these broad principles are relatively clear, the district court correctly noted that many courts have struggled to pinpoint the minimum requirements that a habeas petitioner must meet in order to exhaust his remedies. For instance, the Supreme Court recently wrote that a petitioner wishing to raise a federal issue in state court can do so "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement [:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" This is consistent with settled law established by the Supreme Court. We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

Id. at 1302-03 (citations omitted).

## I. Due process claim

On appeal, Hartge asserts that, on direct appeal in the state, he argued that the admission of the photograph without considering the presence of an evidentiary alternative violated his rights under the Supreme Court authorities in Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), which relied on Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

4

Relying on Osborne v. Wainwright, 720 F.2d 1237 (11th Cir. 1983), Hartge contends that his arguments, that the photograph was inflammatory and prejudicial and that the court erred in not applying the § 90.403 balancing test, were sufficient to preserve his due process claim.

In Osborne, we held that trial counsel's "objection on the grounds that the photographs were gruesome and unduly prejudicial was sufficient to preserve petitioner's due process claims for habeas review." Osborne, 720 F.2d at 1239. However, in Duncan v. Henry, 513 U.S. 364, 364-66, 115 S.Ct. 887, 887-88, 130 L.Ed.2d 865 (1995) (per curiam), the Supreme Court held that an evidentiary objection to the admission of testimony based on § 352 of the California Evidence Code did not exhaust the petitioner's due process claim. Noting that the California Court of Appeal analyzed the claim by considering whether the evidence's prejudicial effect outweighed its probative value rather than considering whether it was so inflammatory as to prevent a fair trial, the Court agreed with the judge dissenting from that decision that these standards were no more than somewhat similar. Id. at 366, 115 S.Ct. at 888.

We agree that Hartge failed to fairly present this claim to the state courts. Hartge's argument before the Florida District Court of Appeal, based upon Fla.

Stat. § 90.403,[1] was that the photograph's probative value was substantially outweighed by its prejudicial effect.    In his summary of the argument, Hartge made a conclusory reference to the trial court's errors as reasons that he did not receive a "fair trial."  Additionally, he referred to a single federal authority, Old Chief, which he cited in support of the proposition that an evidentiary alternative must be considered in the § 90.403 balancing equation.  His single reference to fair trial and citation to Old Chief, however, are no more than the scattering of "some makeshift needles in the haystack of the state court record."  McNair, 416 F.3d at 1303 (citation and quotation marks omitted).  In addition, neither Old Chief nor Michelson involve constitutional law, but instead discuss evidentiary rulings under Rule 403 of the Federal Rules of Evidence and under the common law, respectively.  See Old Chief, 519 U.S. at 180-92, 117 S.Ct. at 650-56; Michelson, 355 U.S. at 475-87, 69 S.Ct. at 218-24.  Factually, this case is more similar to Duncan than Osborne.   Moreover, Hartge failed to cite any case relying on federal constitutional law in his brief to the Florida District Court of Appeal.  Accordingly, the district court correctly determined that Hartge's due process claim was unexhausted.

---

[1] "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."  Fla. Stat. § 90.403.

## II. Confrontation Clause claim

Hartge next argues that he raised his claim on direct appeal as a Sixth Amendment violation. He argues that he fairly presented his Sixth Amendment claim by relying on U.S. Supreme Court precedent and state cases employing a constitutional analysis and by alleging facts that show a pattern well within the mainstream of federal constitutional litigation.

Florida created a hearsay exception for a child's statements regarding sexual abuse. Fla. Stat. § 90.803(23).[2] In accordance with § 90.803(23), the trial court held a hearing on the proffered hearsay statements. It found that the statements made by B.D., the child victim, were trustworthy and that the surrounding circumstances established reliability. Before the witness testifying to the hearsay statements at issue in this case took the stand at trial, Hartge, noting that he

---

[2] This provision provides, in part,

Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:

1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. . . .

Fla Stat. § 90.803(23).

previously objected to the hearsay as unreliable, stated that he wanted to put this objection "back on the record."[3]

On direct appeal to the Florida District Court of Appeal, Hartge challenged the trial court's finding of the reliability of the child victim's statements. His issue heading was that the trial court abused its discretion in allowing the hearsay testimony. Hartge initially cited the following law:

> Section 90.803(23), Florida Statutes "creates a limited exception to the hearsay rule for <u>reliable</u> statements of children, eleven or less which describe an act of child or sexual abuse upon, by, with or in the presence of the declarant child victim." <u>Ehrhardt</u>, Florida Evidence, Section 803.23, pg. 769 (1999 Edition)[.] The statement must be inherently reliable; a court cannot consider other evidence to corroborate the truth of the child's statement. <u>Idaho v. Wright</u>, 497 U.S. 805 (1990)[.]

---

[3] A transcript of the initial hearing is not part of the record on appeal. On appeal, the state notes that, on direct appeal in the state court, it had argued that Hartge could not establish that he preserved his objection because, although he "renewed" his objection at trial, he did not provide a record of his objection at the time of the hearing. Because Hartge failed to provide a complete record to the Florida District Court of Appeal to establish grounds for his objection to the hearsay testimony, the state argues that the claim was not exhausted either as a federal constitutional issue or as a state law matter. The state recognizes that an objection regarding the hearsay testimony was made before the trial court; its complaint is that there is no record of such an objection at the hearing. Thus, although the state terms its argument as a failure to exhaust, in substance, this argument is one of a procedural bar. <u>See</u> <u>Trest v. Cain</u>, 522 U.S. 87, 89, 118 S.Ct. 478, 480, 139 L.Ed.2d 444 (1997) (explaining that procedural default is the "critical failure to comply with state procedural law"); <u>McNair</u>, 416 F.3d at 1306 (distinguishing procedural default based on exhaustion from procedural default based on a state procedural bar, such as a contemporaneous objection requirement). This theory of procedural default was neither raised by the state nor considered by the district court. Because a procedural bar is an affirmative defense that must be raised by the respondent in order to be preserved, <u>Gray v. Netherland</u>, 518 U.S. 152, 165-66, 116 S.Ct. 2074, 2082, 135 L.Ed.2d 457 (1996); <u>Howard v. United States</u>, 374 F.3d 1068, 1073 (11th Cir. 2004), unless the bar arises as a result of the failure to exhaust, <u>McNair</u>, 416 F.3d at 1305, the state has waived this argument.

(emphasis in original).  After discussing the trial testimony, he further stated:

> Reliability is the key to admissibility.  <u>Feller v. State</u>, 637 So. 2d 911, 916 (Fla. 1994); U.S. Const., 6[th] Amendment; <u>Allison v. State</u>, 661 So. 2d 889 (Fla. 2d DCA 1995)[.] The term has been defined as "worthy of confidence; trustworthy."  The statute itself sets forth some factors for a judge to consider in making a reliability determination but these factors are not exclusive.  <u>Perez v. State</u>, 536 So. 2d 206, 210 (Fla. 1988); <u>Delacruz v. State</u>, 734 So. 2d 1116 (Fla.  1[st] DCA 1999)[.]

As to the reasons that the trial court gave for its finding of reliability, Hartge argued that many of the reasons were either factually incorrect or "unrelated to a determination that B. D.'s statement was reliable."

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. Const. amend. VI.  "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact."  <u>Maryland v. Craig</u>, 497 U.S. 836, 845, 110 S.Ct. 3157, 3163, 111 L.Ed.2d 666 (1990); <u>see also</u> <u>Crawford v. Washington</u>, 541 U.S. 36, 61, 124 S.Ct. 1354, 1370, 158 L.Ed.2d 177 (2004).  In 2000, when the Florida District Court of Appeal issued its decision, the U.S. Supreme Court interpreted the Confrontation Clause to permit the admission of hearsay where the hearsay statement bore sufficient "indicia of reliability."  <u>Ohio v. Roberts</u>, 448 U.S. 56, 65-66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980),

9

overruled by Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), as recognized in Davis v. Washington, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). In some instances, the Confrontation Clause also required a showing that the declarant is unavailable. See, e.g., United States v. Inadi, 475 U.S. 387, 393-94, 106 S.Ct. 1121, 1125, 89 L.Ed.2d 390 (1986); Roberts, 448 U.S. at 65, 100 S.Ct. at 2538. In order to determine reliability, Roberts stated that the evidence must either fall within a firmly rooted hearsay exception or bear "particularized guarantees of trustworthiness." Roberts, 448 U.S. at 66, 100 S.Ct. at 2539.

"In Hutchins v. Wainwright, 715 F.2d 512 (11th Cir.1983), cert. denied, 465 U.S. 1071, 104 S.Ct. 1427, 79 L.Ed.2d 751 (1984), we concluded that a petitioner who had challenged the admission of certain out-of-court statements on state hearsay grounds had adequately presented and preserved a federal constitutional claim concerning the violation of his Sixth Amendment right to confront the witnesses against him." Watson v. Dugger, 945 F.2d 367, 372 (11th Cir. 1991). In Hutchins, our focus was on the substance of the claim presented. See Hutchins, 715 F.2d at 519. We reasoned that, although a hearsay objection was not the "automatic equivalent" of a Confrontation Clause claim,

> the issue, as presented on direct appeal, albeit obliquely stated, did sufficiently alert the state court to a confrontation issue. The substance of petitioner's claim was that the prosecution obtained an unfair advantage by effectively introducing into evidence the

10

out-of-court statements of the unidentified informant.  The prosecution then relied upon those statements as evidence of the petitioner's guilt.  This is exactly what the confrontation clause is designed to prohibit.

Id.

However, in McNair, although the direct appeal raised a claim that the jury improperly considered extraneous evidence under state law, we held that a claim that jurors considered extraneous evidence in violation of the Sixth Amendment was not fairly presented, despite a concluding paragraph alleging violations of the Constitution and citation of a single federal district court case.  McNair, 416 F.3d at 1301-04.  In McNair, the caption of the petitioner's argument in his brief to the Alabama Court of Criminal Appeals was that the jury considered extraneous evidence in violation of Alabama law, and his arguments before Alabama appellate courts relied almost exclusively on state law.  Id. at 1303.  We held that the petitioner's references to federal law in his state court briefs were insufficient.  Id. at 1303.  We noted that

McNair never cited any United States Supreme Court or federal appellate court case dealing with extraneous evidence, nor did he mention the presumption of prejudice that arises under federal law when jurors consider such evidence. Instead, he relied on state law opinions to argue a state law claim under a state law standard, citing a lone federal district court opinion (which itself did not mention the federal presumption of prejudice) only as part of a string citation illustrating various courts' holdings with respect to extraneous evidence in the jury room.

11

Id. at 1304.

Based on this case's similarity to Hutchins and the use of federal constitutional law in a manner that distinguishes this case from McNair, we hold that the district court erred in finding that Hartge failed to fairly present his Confrontation Clause claim. Regarding the issue of reliability, Hartge cited to the following authorities pertaining to the Confrontation Clause: Idaho v. Wright, the Sixth Amendment, and Allison v. State, 661 So. 2d 889 (Fla. Dist. Ct. App. 1995). Although Allison considered both § 90.803(23) and the Confrontation Clause, reliability was discussed solely with regard to the Confrontation Clause issue. See Allison, 661 So. 2d at 892-94.

Wright considered whether the admission of hearsay statements relating to sexual abuse made by the child declarant to an examining physician violated the Confrontation Clause. Wright, 497 U.S. at 808-811, 110 S.Ct. at 3143-44. These statements were admitted under the State's residual hearsay exception. Id. at 811-12, 110 S.Ct. at 3144-45. Describing the "crux of the question presented" as whether the State established that these statements "bore sufficient indicia of reliability to withstand scrutiny under the Clause[,]" the Court ultimately held that the State failed to show that the statements bore particularized guarantees of trustworthiness, and, therefore, the admission of the statements violated the

12

Confrontation Clause. Id. at 816-18; 110 S.Ct. at 3147-48. As to whether a statement bears particularized guarantees of trustworthiness, the Court explained that courts should look to "totality of circumstances that surround the making of the statement and that render the declarant particularly worthy of belief[,]" and that "hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial." Id. at 820, 822, 110 S.Ct. at 3149-50. The Court also approved of a number of factors to determine reliability under the Confrontation Clause, which it drew from state and federal decisions involving the application of hearsay exceptions. Id. at 821-22, 110 S.Ct. at 3150.

Reliability is crucial to whether the Confrontation Clause is satisfied under the Roberts standard and Hartge's arguments focused on reliability under the Florida hearsay exception. Wright's use of factors drawn from hearsay cases further demonstrates the relatedness of the inquiry of admissibility of hearsay and reliability under the Confrontation Clause in this instance. See id. at 821-22, 110 S.Ct. at 3150. Thus, the substance of Hartge's claim on direct appeal – that the hearsay should not have been admitted under Fla. Stat. § 90.803(23) because it was not reliable – presents the same concern as the relevant inquiry under the Confrontation Clause. Furthermore, unlike McNair, Hartge cited a Supreme Court

13

Confrontation Clause case, which contained the relevant Confrontation Clause law, discussed whether the child hearsay statements bore indicia of reliability, and was not part of a string citation proffered for illustrative purposes. Hartge also relied upon both state and federal law regarding the importance of reliability, citing, in conjunction with a case considering only § 90.803(23), the Sixth Amendment and a state case discussing reliability under the Confrontation Clause. Although this is a close call, we conclude that given this case's similarity to <u>Hutchins</u>, by focusing on reliability in conjunction with his more prominent use of relevant federal law than in <u>McNair</u>, Hartge fairly presented his Confrontation Clause claim.

In light of the foregoing, we **AFFIRM** in part and **VACATE** and **REMAND** in part for further proceedings consistent with this opinion.

14