[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10643
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 25, 2011
JOHN LEY
CLERK

D. C. Docket No. 3:08-cv-02053-JHH-RRA

NOAH MONROE TIDWELL,

Petitioner-Appellant,

versus

FREDDIE BUTLER,
ATTORNEY GENERAL OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 25, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Noah Monroe Tidwell, an Alabama state prisoner proceeding *pro se*, appeals

the denial of his federal habeas petition, 28 U.S.C. § 2254.  We granted a

certificate of appealability (COA) on the following issues: (1) whether the district

court properly found that issue three of Tidwell's § 2254 petition was not

cognizable on federal review; and (2) whether the district court properly denied

issue five of Tidwell's § 2254 petition on the ground that his brother's testimony

would not have damaged the state's case.  After review, we affirm the denial of

Tidwell's petition.[1]

I.

Tidwell first asserts the admission of improper character evidence at his trial

for rape and other sexual crimes deprived him of his due process rights.  "As a

general rule, a federal court in a habeas corpus case will not review the trial court's

actions concerning the admissibility of evidence."  *Osborne v. Wainwright*, 720

F.2d 1237, 1238 (11th Cir. 1983).  "However, where a state court's ruling is

claimed to have deprived a defendant of his right to due process, a federal court

should then inquire only to determine whether the error was of such magnitude as

to deny fundamental fairness to the criminal trial."  *Id.* (citations omitted).

---

[1]We review a district court's denial of habeas relief under 28 U.S.C. § 2254 de novo. *Gamble v. Sec'y, Fla. Dep't of Corr.*, 450 F.3d 1245, 1247 (11th Cir. 2006).

The district court did not err in finding the claim was not cognizable on federal habeas review because the admission of evidence concerning Tidwell's prior bad acts was a question of state law that did not call into question the fundamental fairness of Tidwell's trial.[2]

## II.

Tidwell next asserts his brother, Eddie Tidwell (Eddie), allegedly sat on the grand jury that returned the indictment against him, and therefore could not testify on his behalf at trial. Tidwell argues "prosecutorial misconduct" occurred because Eddie was prohibited from testifying, thus depriving Tidwell of his due process rights. Further, he contends his Sixth Amendment compulsory process right was violated since he could not call Eddie as a witness at trial.

The only evidence Tidwell submitted that refers to Eddie's role with respect to the grand jury hearing is an investigative report of an interview of Eddie. According to the report, Eddie was allowed to remain in the room during the grand jury hearing, but he did not vote as a member of the grand jury. In addition, the report notes that Tidwell's attorney did not contact Eddie to testify as a witness, and that Eddie would have been cooperative if approached. Further, Tidwell has

---

[2]The evidence pertaining to Tidwell's violent nature and prior acts of physical abuse was relevant to show the relationship of dominance Tidwell had over his daughters and their general fear of him, thus satisfying the forcible compulsion element necessary to commit rape of a minor-child. *See Powe v. State*, 597 So. 2d 721, 729 (Ala. 1991).

produced no evidence that, had Tidwell's attorney attempted to call Eddie as a witness, Eddie would have been prevented from testifying. Because there is no merit to Tidwell's claim that his due process rights were violated by prosecutorial misconduct or that he was denied his right to compulsory process, we affirm.

**AFFIRMED.**