[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————————

No. 22-12134

Non-Argument Calendar

————————————————————

RICKEY MARTIN,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

————————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:19-cv-00562-MW-HTC

————————————————————

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Rickey Martin, counseled and currently incarcerated, appeals the district court's denial of his 28 U.S.C. section 2254 habeas petition. We affirm.

Martin is serving a life sentence for capital sexual battery. His victim in this case—a daughter of his former girlfriend—didn't report the crime until years later when she heard a rumor that he'd molested another girl. The rumor came up in a conversation between the victim, her sister, and their mother, in which the sister shared the rumor and indicated that she had a hard time believing it because it didn't sound like something Martin would do. Martin's victim broke down and tearfully told her sister and mother that they should believe it because he'd raped her when she was eleven years old.

At trial, the state moved in limine to admit testimony of that conversation. Martin objected, arguing that it was "very harmful to suggest that there's another victim out there." But his primary defense was that the rape never happened and that his victim's years-long silence was evidence that her story was fabricated because the family was angry over his breakup with the victim's mother. The trial court admitted the testimony, with a "very severe limiting instruction" to the jury, because it provided context regarding the series of events that brought the victim's story to light. Martin was convicted and sentenced to a term of life imprisonment without parole.

After unsuccessfully appealing his conviction in the state appellate court, Martin moved the district court for habeas relief, arguing that the trial court's admission of the testimony deprived him "of the right to confront witnesses against him in violation of his Sixth Amendment rights and den[ied] him a fair trial in violation of his Fourteenth Amendment due process rights."[1]  A magistrate judge entered a report and recommendation that characterized Martin's petition as "claim[ing] [that] his right to a fair trial under the Fourteenth Amendment was violated when the state trial court erred in admitting, over defense objection, a highly inflammatory inadmissible hearsay statement concerning an unknown and therefore unavailable person rumored to have claimed to have been molested by . . . Martin."  The magistrate judge recommended denying Martin's petition and denying a certificate of appealability because:  (1) the trial court's decision to grant the state's motion in limine wasn't contrary to, and didn't involve an unreasonable application of, clearly established federal law as determined by the Supreme Court; (2) the trial court didn't err because the testimony was offered not for the truth of the matter asserted but rather to explain the victim's delay in coming forward; and (3) even if the trial court erred, it didn't deprive Martin of a fair trial because the trial court's limiting instructions ameliorated any prejudice that might've been caused by the evidence.  The district court accepted in part and adopted in part the report and recommendation, denied

---

[1] This was "Ground 2" of Martin's petition, which is the only ground relevant to this appeal.

Martin's petition, and granted a certificate "as to Ground 2 of the petition" because "reasonable jurists could find this court's assessment of Ground 2 debatable."

On appeal, Martin repeats verbatim the argument he raised before the district court—namely, that "[t]he state trial court erred in admitting, over defense objection, a highly inflammatory inadmissible hearsay statement concerning an unknown and therefore unavailable person rumored to have claimed to have been molested by Mr. Martin, thus depriving Mr. Martin of the right to confront witnesses against him in violation of his Sixth Amendment rights and denying him a fair trial in violation of his Fourteenth Amendment due process rights."[2]

We review de novo a district court's denial of a section 2254 petition, "but we owe deference to the final state habeas judgment." *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010) (quotation omitted). Specifically, under the

---

[2] Neither the magistrate judge nor the district court addressed the Sixth Amendment part of Martin's claim. *See Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing district courts "to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. [section] 2254"). But because Martin didn't raise this issue in either his response to the report and recommendation or his brief on appeal, he has forfeited any argument that the district court committed *Clisby* error. *See* 11th Cir. R. 3-1 (stating that a party who fails to object to a magistrate judge's finding or recommendation waives the right to challenge that finding or recommendation on appeal); *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2002) (en banc) (holding that issues not raised on appeal are deemed forfeited). As such, only his Fourteenth Amendment claim is properly before us on appeal.

22-12134                Opinion of the Court                5

Antiterrorism and Effective Death Penalty Act of 1996, where a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(1), (2). The "unreasonable application" inquiry requires that the state court decision "be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 572 U.S. 415, 419–20 (2014). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).

Where, as here, the final state court decision on the merits doesn't provide its reasoning, "the federal court must look through the unexplained decision to the last related state-court decision that does provide a relevant rationale and presume that the unexplained decision adopted the same reasoning." *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1034 (11th Cir. 2022) (en banc) (quotation omitted). Generally, "a federal court in a habeas corpus case will

not review the trial court's actions concerning the admissibility of evidence." *Alderman v. Zant*, 22 F.3d 1541, 1555 (11th Cir. 1994). But "where a state court's ruling is claimed to have deprived a defendant of his right to due process, a federal court should then inquire only to determine whether the error was of such magnitude as to deny fundamental fairness to the criminal trial." *Id.* (cleaned up). "The admission of prejudicial evidence justifies habeas corpus relief only if the evidence is material in the sense of a crucial, critical, highly significant factor." *Osborne v. Wainwright*, 720 F.2d 1237, 1238 (11th Cir. 1983) (quotation omitted).

Martin's due process claim fails because he hasn't shown that the trial court's ruling "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law." 28 U.S.C. § 2254(d)(1). He argues primarily that the trial court erred by violating Florida's rules of evidence as expounded in various state court cases. The only federal law Martin references in the Fourteenth Amendment context is *Huddleston v. United States*, 485 U.S. 681 (1988), which is nested within a quotation of a state appellate opinion. Martin doesn't attempt to show that the trial court violated *Huddleston*, nor could he; *Huddleston* addresses whether evidence violates the Federal Rules of Evidence and doesn't even mention due process or the Fourteenth Amendment. *See id.* at 691.

Nor has Martin shown that the trial court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *White*, 572 U.S. at 419–20. Indeed, nothing

in the record shows that the decision was "objectively unreasonable," *Lockyer*, 538 U.S. at 75, or that the objected-to evidence—even if admitted in error—was "material in the sense of a crucial, critical, highly significant factor," *Osborne*, 720 F.2d at 1238.

The most crucial factor in convicting Martin was his victim's testimony that he raped her. The testimony of the rumor focused not on the idea that Martin had molested another child but rather on explaining how and why, after so many years, Martin's victim came forward. The trial court considered its prejudicial effect but determined that it had probative value because it helped the victim tell her story.

The trial court also granted Martin's request for limiting instructions, and—before each witness's testimony and again before deliberations—it told the jury that the statement should be considered only as proof of how the allegations were first reported. Although Martin argues that, in some circumstances, a jury instruction can't cure unfair prejudice, he offers no explanation for why this is one of those instances. The jury is presumed to have followed the trial court's limiting instructions, and there's nothing in the record to indicate that it didn't. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

Finally, the objected-to testimony lacked credibility. The witnesses made no representation that the accusation was true, the victim's sister said that she didn't believe it sounded like something Martin would do, and the state referred to it only as a "rumor."

For all of these reasons, the district court's denial of Martin's section 2254 habeas petition is affirmed.

**AFFIRMED.**