**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALLEN W. CRAWFORD,
Petitioner-Appellant,

v.

TOM C. MARTON, Warden, Great
Plains Correctional Facility;
MICHAEL F. EASLEY,
Respondents-Appellees.

No. 98-6386

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CA-96-289-3-MU)

Submitted: October 6, 1998

Decided: November 16, 1998

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allen W. Crawford, Appellant Pro Se. Clarence Joe DelForge, III,
OFFICE OF THE ATTORNEY GENERAL OF NORTH CARO-
LINA, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Allen W. Crawford appeals from the district court's order dismissing his 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998) petition. The district court granted Crawford a certificate of appealability. Because we find no reversible error, we affirm.

On January 13, 1993, two plainclothes policemen were working at the train station in Charlotte as a part of a narcotics interdiction task force. They observed Crawford get off the train carrying two white plastic bags and a black leather gym bag. According to the officers' testimony, they noticed that Crawford went out of his way to avoid another officer who was patrolling the station with his drug-detection dog. The officers observed Crawford walk towards the terminal at a rapid pace, appearing nervous and continuing to look back at the dog.

The officers approached Crawford and told him that he was not under arrest or in custody, but that they wanted to ask him a few questions. Crawford replied that he was returning from a trip to New York to visit his girlfriend. He displayed his ticket stub bearing the name "Wayne Jackson," but could not produce any identification.

The officers then asked Crawford if they could search his person and luggage. Crawford consented. Upon search of one of the white plastic bags, the officers found a child's snowsuit, which in turn contained a black shaving kit wrapped in a laundry bag. Crawford admitted that the shaving kit was his. Inside the shaving kit was a glass jar containing rock-like objects which proved to be 16.1 grams of cocaine and 28.03 grams of heroin.

Crawford testified at trial that the plastic bag containing the drugs was not his, and neither were any of the contents. He asserted that he must have picked up the wrong bag. His girlfriend testified and cor-

2

roborated Crawford's story. A jury convicted Crawford of trafficking in heroin by possession, trafficking in heroin by transportation, and possession with intent to sell cocaine.

Crawford first contends that evidence admitted at his trial was seized in violation of the Fourth Amendment. The district court found this claim barred by Stone v. Powell, 428 U.S. 465, 494 (1976), which holds that federal courts may not consider Fourth Amendment claims where the State has provided a "full and fair" opportunity for litigation. However, the district court did not address Crawford's clearly-raised claim that he was not afforded a full and fair opportunity to litigate his claim, because neither of the officers who arrested him testified at the hearing on his motion for appropriate relief.

However, even assuming that Stone is inapplicable, Crawford must still show that he is entitled to relief on the merits of his Fourth Amendment claim. See Sargent v. Armontrout, 841 F.2d 220, 222 (8th Cir. 1988). According to Crawford, the officers stopped him and told him that they were "looking for persons traveling on the train with drugs and or weapons." Crawford asserts that he was stopped without probable cause or even an articulable suspicion. He also contends that he was not acting in a suspicious manner, did not avoid the drug detection dog and did not look back over his shoulder. Crawford admits that he consented to the search, but he claims he was never told that he could refuse, and it appeared he had no choice. He also contends that one officer stood in front of him and one behind, thus blocking his way.

The first issue is whether the encounter between the officers and Crawford ceased to be consensual at some point and became a seizure. Consensual encounters do not implicate the Fourth Amendment, but seizures do. See Florida v. Bostick, 501 U.S. 429, 434 (1991). The Supreme Court has consistently held, however, "that a seizure does not occur simply because a police officer approaches an individual and asks a few questions." Id.; see also INS v. Delgado, 466 U.S. 210, 216 (1984) (interrogation relating to one's identity or a request for identification does not, by itself, implicate the Fourth Amendment).

As the Supreme Court explained in Terry v. Ohio , 392 U.S. 1, 19 n.16 (1968):

3

Obviously, not all personal intercourse between policemen and citizens involves "seizures" of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a "seizure" has occurred.

Thus, only when the circumstances of the encounter become "so intimidating as to demonstrate that a reasonable person would have believed he was not free to leave" does the encounter become a seizure. See Delgado, 466 U.S. at 216. It is also clear that the encounter does not become a seizure merely because the officers do not tell the defendant that he is free to leave or that he may refuse to comply with their requests. See United States v. Analla, 975 F.2d 119, 124 (4th Cir. 1992).

We find that Crawford was not seized when the officers approached him and asked for consent to search his belongings. Further, Crawford's cooperation with the officers did not convert the encounter into a seizure, even though the officers did not tell him that he was free to leave or refuse the request. Neither officer had a gun drawn, and there is no evidence of any use or threat of physical force. See United States v. Flowers, 912 F.2d 707, 712 (4th Cir. 1990) (seizure cannot occur in the absence of threats, offensive contact, or similar circumstances).

Because Crawford was not seized within the meaning of the Fourth Amendment when the police searched his bag and because he does not dispute that he voluntarily consented to the search, the evidence obtained was properly admitted. Therefore, because any error in the state court's procedure was harmless beyond a reasonable doubt, Crawford is not entitled to habeas relief on this ground. See Sargent, 841 F.2d at 222-23 (standard of review).

Next, Crawford presses two claims of ineffective assistance of counsel. He asserts first that his counsel was ineffective for failing to object to testimony that Crawford asserted his right to remain silent after he was arrested. Because this claim was not presented to the district court, we decline to address it.

Second, Crawford contends that his counsel failed to object to an officer's testimony that Crawford admitted the shaving kit belonged

to him. Crawford asserts that this statement was not properly disclosed by the Government before trial and should have been objected to on that basis. Although this argument was raised before the district court, the court did not address it.

Assuming there was a discovery violation,[1] in order to prove prejudice on his ineffective assistance claim, Crawford must show that the trial court's response to a proper objection would have likely changed the outcome of his trial. We find that he cannot satisfy this burden.

First, the fact that Crawford was found with drugs in his possession is sufficient evidence to convict, with or without Crawford's statement that the shaving kit belonged to him. Second, the North Carolina Supreme Court has stated that "the purpose of discovery under our statutes is to protect the defendant from unfair surprise by the introduction of evidence he cannot anticipate." North Carolina v. Payne, 394 S.E.2d 158, 162 (N.C. 1990) (emphasis added). With this goal in mind, even if counsel had objected, it is unlikely that the trial court would have barred introduction of the statement. [2]

While Crawford argues that he was surprised by the testimony and that it was untrue, he fails to show that he could have convinced the trial court that he was "unfairly" surprised. Specifically, he does not assert how knowledge of this statement would have altered his trial tactics or otherwise changed the course of his trial. While this statement was damaging to Crawford's defense that the bag and its contents did not belong to him, Crawford fails to allege that he would have altered his defense had he been aware of the statement. Further, Crawford does not allege that there was any physical or mental coercion in exchange for his statement. Thus, there would have been no basis for a motion to suppress. Finally, the officers' report, which did

_____

[1] N.C.G.S. § 15A-903(a)(2) (1997) requires the prosecutor to divulge the substance of any oral statement "relevant to the subject matter of the case made by the defendant."

[2] Had counsel objected to the testimony, the trial court could have imposed any or all of the statutory sanctions. See N.C.G.S. § 15A-910 (1997) (including ordering immediate discovery, granting a continuance, prohibiting the introduction of evidence, dismissing the charge, or entering other orders).

5

not mention any statement by Crawford, was available for cross-examination purposes. Therefore, the nondisclosure did not work to Crawford's actual disadvantage, and as such, the district court would likely not have imposed drastic sanctions had Crawford's attorney objected. See North Carolina v. Patterson, 439 S.E.2d 578, 588-89 (N.C. 1994) (where defendant was free to cross-examine witness about his custodial statement and where defendant failed to show that his trial tactics would have been different had his statement been disclosed, any error in failing to find a discovery violation was harmless).

Because Crawford cannot show any prejudice from the timing of the disclosure of this statement, he cannot show that his counsel's objection would have resulted in suppression of the statement or any other sanction that would have altered the outcome of his trial. Therefore, we find that Crawford cannot show prejudice from his counsel's failure to object.[3] See Strickland v. Washington, 466 U.S. 668, 687 (1984) (listing requirements for a showing of ineffective assistance).

In a twist on this ineffective assistance argument, Crawford asserts prosecutorial misconduct for failure to disclose his admission that the shaving kit belonged to him. The district court failed to address this issue, as well.

The test for prosecutorial misconduct has two elements: (1) whether the prosecutor's conduct was improper, and (2) whether such conduct prejudicially affected the defendant's substantial rights, depriving him of a fair trial. See United States v. Francisco, 35 F.3d 116, 120 (4th Cir. 1994). As discussed above, the alleged nondisclosure did not render Crawford's trial fundamentally unfair. In the first place, the statement was equally within Crawford's own knowledge. Crawford could have communicated to his counsel that he made such a statement, if indeed he did. In addition, Crawford had the opportunity to cross-examine the officer to impeach his testimony, and he could have used the officer's report, which did not contain a statement

_____

**3** In the materials Crawford submitted with his petition, he includes an affidavit from his trial attorney stating that he had indeed objected to the statement. Crawford also submitted pages of relevant trial testimony that do not reflect an objection.

by Crawford, as a prior inconsistent statement. Further, while the statement was certainly incriminating, evidence of Crawford's possession of the drugs would have been sufficient to convict him. Therefore, we find that the late disclosure and admission of this statement was not fundamentally unfair. See Lindsey v. Smith, 820 F.2d 1137, 1151-52 (11th Cir. 1987) (appellant not entitled to habeas relief where he fails to show a different trial outcome or trial tactics had confession been disclosed earlier); Machin v. Wainwright, 758 F.2d 1431, 1434 (11th Cir. 1985) ("surprise disclosure" did not render trial fundamentally unfair where statement was equally within defendant's knowledge and where defense counsel could have taken steps to lessen the effect of the late disclosure).

We affirm the remainder of the appeal on the reasoning of the district court. Crawford v. Marton, No. CA-96-289-3-MU (W.D.N.C. Mar. 5, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7